By the Court. Woodruff, J.
This is an action brought to recover the amount of loss sustained by fire, under a policy, executed and delivered by the defendants, upon the plaintiff's stock of cap fronts and other goods, “ contained in the brick building situate No. 101 William street, city of New York.”
The defence insisted upon at the trial was, that the plaintiff, without the permission of the defendants, lighted the premises containing the subject of the insurance, with spirit-gas or camphene, contrary to the conditions of insurance.
The conditions of insurance annexed to the policy, and referred to therein as forming a part thereof, (and to which the plaintiff, by accepting the policy, must be deemed to have assented,) in the eighth article, contains these words:—“ The keeping of gunpowder for sale or on storage, upon or in the premises insured, or the lighting the same by camphene or spirit-gas, without written permission in the policy, shall render it void.”
On the trial, the witnesses for the plaintiff testified that on the evening of the fire, and on several evenings previous thereto, the premises occupied by the plaintiff, and containing the insured goods, had been lighted with burning-fluid.
The defendants’ counsel thereupon moved to dismiss the complaint, insisting that the testimony of those witnesses showed a violation of the above recited eighth condition of the policy. The motion was denied by the court, and the defendants’ counsel excepted.
*596 The reason stated in the bill of exceptions for the denial of the motion, is the same which formed the subject of a subsequent exception to the charge to the jury, to be presently noticed, viz.: That the eighth condition annexed to the insurance, related only to an insurance upon buildings, and not to an insurance upon goods contained in buildings.
It must, however, suffice to say in regard to this motion' for a, nonsuit, that it did not, .at this stage of the trial, appear that “ burning-fluid" was one of the prohibited articles. The eighth condition specified “ camphene or spirit-gas,” and the court could not say, that “ burning-fluid” was either the one or the other, and therefore the court could not say that it appeared affirmatively that this condition of the policy had been violated.
The motion for a nonsuit was, therefore, rightly denied, whether the reason assigned, therefor, was correct or not.
The defendants’ counsel thereupon called one witness, and one only, who, on his direct examination testified that he “ had dealt in and manufactured the article known as spirit-gas and burning-fluid. There is no difference between spirit-gas and burning-fluid; it is called, in the trade, spirit-gas as much as burning-fluid;” and also that he called at the premises after the fire, and found a lamp, filled with burning-fluid or spirit-gas, standing on a desk in the office, and also found a tin can containing a few drops of the same article.
But, on his cross-examination, he testified that “it is about three years since he was engaged in the manufacture of spirit-gas or burning-fluid; that he was, at that time, engaged in a drug store in Utica; that he had never dealt in or manufactured burning-fluid in the city of New York, and did not know any thing about the trade in said city, except that when he purchased for his own use he called for burning-fluid."
There was no distinct evidence showing where the contract of insurance was made. The attestation clause imports that it was signed by the president and secretary, at the office of the defendants, in Utica, and its effect is qualified by the words “ not valid unless' countersigned by J. W. Bouck, agent.” The policy, however, bears on its face, at its very beginning, an intimation that the policy was issued in the city of New York, thus: “No. 1178. $400. Granite Insurance Company, New York, of *597 ffice No. 78 Broadway,” and it is duly countersigned by J. W. Bouck, as agent.
Upon this evidence the court charged the jury, “ That whether spirit-gas or burning-fluid was the same article or not made no difference as to the result of this suit, inasmuch as the eighth condition of insurance related only to insurance upon buildings, and not to insurance upon goods contained in buildings.”
To this the defendants’ counsel excepted, and thereupon the court instructed the jury to find specially, in answer to this question, “Was the article of burning-fluid used as a means of light by the plaintiff the same article as spirit-gas mentioned in the eighth section of, the conditions of insurance annexed to the policy ?”
The counsellor the defendant objected, and took an exception to the submission of this question to the jury, “ on the ground that there was no evidence to discredit the witness who had testified that spirit-gas and burning-fluid were the same article, and, in the absence of any discrediting testimony, the court was bound to deem such evidence to be true.”
The jury found a verdict for the plaintiff, and, to the question specially submitted to them, they returned an answer in writing, that “ the fluid spoken of by the witnesses as * burning-fluid’ is not ‘ spirit-gas,' referred to and mentioned in the policy.”
Obviously, if this special finding is true, the first exception to the charge furnishes no ground for reversing the judgment. For if burning-fluid is not spirit-gas, then the condition in the policy has not been violated, whether that condition applies to an insurance upon goods or not.
I am of opinion that the court erred in the construction given to this condition, and that it applied to the present insurance as fully as it would to an insurance upon the building itselfj and that “ the lighting of the premises insured, by spirit-gas,” as used in that condition of a policy upon goods, meant the use of spirit-gas as a means of light in and about the goods at the place No. 101 William street, where the subject of the insurance is described in the policy to be. No part of the words of the policy ought to be rejected as insensible or inoperative, if a rational and intelligible meaning can be given to them, consistent with the general design and object of the whole instrument; and, if the condition was *598 broken, then clearly, in my opinion, the plaintiff was not entitled to recover. (Wilson v. Herkimer Ins. Co., 2 Selden, 53; Mead v. The North-Western Ins. Co., 3 Id. 530; Westfall v. The Hudson River Fire Ins. Co., 2 Kernan, 289.)
But it is wholly unnecessary to discuss this question further, because the jury have found that the condition was not'violated, and, if that is so, it is quite immaterial whether the court erred in its construction or not. The error had no bearing upon the question of fact so found. *
Are the defendants entitled to have the judgment reversed on exception, because the Judge submitted the question to the jury, whether spirit-gas and burning-fluid are the same ?
We think not. It should be observed that this is not a motion for a new trial upon the ground that the verdict is against evidence, but it comes before us upon exception to the submission of the question to the jury at all; and, .unless the exception was well taken, we cannot reverse, although we may think that the weight of. evidence was. in favor of the defendants, and that the defendants, had they so requested, were entitled to have instructions given to the jury in relation to the proper force and effect of testimony, and the duty of the jury in respect thereto, which, had they been suggested by the defendants’ counsel, and given by the court, might" have influenced the result.
The objection and exception are simply and only that the question should not have been submitted to the jury in any form.
It was a question of fact—It was material—indeed it was the one sole fact upon which the whole defence rested. The defence itself could not prevail unless a verdict was upon this very question found in its favor. In the form in which the case then stood (the motion for a nonsuit not having been renewed) there was nothing for the court to do but take a verdict from the jury, and as no instructions to the jury were asked by the defendants’ counsel, they cannot complain of the want of any specific directions.
True, it was not necessary for the court to submit any question to be specially answered, but in regard to that, the court have a discretion under section 261 of the Code.
It is in effect suggested, that the objection taken by the defendants ought to be regarded as tantamount to an insisting at the time, that upon the whole evidence, the defendants were entitled *599 to a verdict, and as equivalent to a request that he should so charge.
‘It is true, that it has been held that a verdict will not be set aside because the Judge charges a jury to find for the plaintiff if the evidence clearly warrants the verdict, and is neither contradicted nor impeached. (Dean v. Hewitt, 5 Wend. 257; Nicholls v. Goldsmith, 7 Id. 160.) And it is also well settled, that it is within the power of the court to grant a nonsuit if it be moved for, when, after the evidence for the defendant has been given, the case is so clearly with him that a verdict for the plaintiff would be set aside as against evidence. (See Rudd v. Davis, 3 Hill, 287, and cases there cited.) But we are referred to no case, and I find none in which it is held, that where, the plaintiff’s case is prima, facie established, it is matter of exception, that though the defence seems clearly proved, the Judge submits the case to the jury, when a nonsuit is not moved for. (See New York Fire Ins. Co. v. Walden, 12 J. R. 513.) And it may well be doubted whether, after testimony on both sides, it is ever error in law for which an exception will lie to submit to the jury the very question of fact in issue. The court may, undoubtedly, express an opinion upon the facts, and ought, when requested, to give proper instructions regarding the rules by which the jury should be governed in regard to the construction and weight of the evidence.
Besides, it does not follow that, because in this particular case, the one witness for the defendants testified that spirit-gas and burning-fluid are the same, the defendants here were entitled (if in any case), to a peremptory instruction that the jury find for the defendants. True, a witness is prima facie entitled to credit. But even his credibility may, and ought to be, determined by the jury, if there is room for a rational doubt of the correctness of his testimony when applied to all the facts in the case.
Here the terms spirit-gas and burning-fluid, if these are regarded as specific names, prima facie import different things. The general designation, burning-fluid, if it has not a specific, technical meaning, would embrace oil or turpentine, or any other combustible fluid; or, at least, a fluid of any kind used for burning. If it had acquired a technical meaning, and designated a particular article used for producing light, it was of some materiality to know whether that meaning was general, and the place where the *600 terms burning-fluid and spirit-gas were used to indicate the same article, was important. The witness not only spoke of his knowledge on that subject as acquired and founded upon the use of-the terms in Utica, three years before, but admitted that he had never dealt in or manufactured the articles in the city of New York, and did not know any thing about the trade in said city, except, that when he purchased for his own -use, he called for burning-fluid. The witness was the agent of the defendants. The jury and the court both had an opportunity to see the witness and his manner while testifying, and we think, that it cannot be said, upon the whole of his testimony, that as matter of law, the court should have told the jury to believe his evidence on the direct examination, and find for the defendants accordingly.
And though we should feel some hesitation in refusing a new trial if the case was before us upon the broader grounds presented by a motion to set aside the verdict, we feel constrained to say, that the defendants’ exception, in the particular now under consideration, was not well taken, and therefore, that the judgment must be affirmed.
Judgment affirmed, with costs.