# WILLIAM M. MALLORY *v.* THE TIOGA RAILROAD COMPANY.

### *Evidence—Request to Charge—Nonsuit.*

Where, on a trial before a jury, the Judge assumes that a fact is proved, if the party desires such question to be submitted to the jury, he should so request it to be done; and not doing so, he cannot except on that account.

Where there is evidence tending to prove or disprove material portions of the Plaintiff's claim or Defendant's defence, the Court can neither nonsuit the Plaintiff, nor direct a verdict for Defendant.

BOCKES, J.—The Plaintiff claimed to recover in this action for transporting and distributing cross-ties, iron rails, chairs, and spikes, along the line of the Defendants' road, intended for use in its reparation. But the justice at the trial limited the right of recovery to the transportation and delivery of cross-ties only, holding that the rails, chairs, and spikes were transported and distributed under an agreement with the Plaintiff and Bostwick, that service was to be without charge, in consideration of the free use of the Defendants' road during the period of transportation.

The question now is, whether the recovery by the Plaintiff for the transportation and distribution of the ties can be sustained. At the close of the evidence the Defendants' counsel requested the Court to direct a verdict for the Defendants, on the ground that the evidence was insufficient to enable the Court or jury to determine the extent or amount of Plaintiff's claim for services; and also asked the Court to rule that the Plaintiff's claim was barred by the statute of limitations.

The learned judge before whom the trial was conducted properly declined compliance with these requests. The point in regard to the statute of limitations is not now urged. It seems that the services were rendered in June, July, and August, 1852, and this action was commenced July 17, 1858, less than six years from the termination of the services. Besides, the Defendants are a foreign corporation, and consequently cannot avail themselves of the statute of limitations (Olcott *v.* The Tioga R. R. Co., 20 N. Y. 210).

Nor could the judge have properly directed a verdict for the Defendants on the ground that the evidence was insufficient to enable the Court or jury to determine the extent or amount of the claim. There was evidence that the Plaintiff performed the services, and also evidence as to its value. The extent of the services and the amount to be allowed, therefore, were subjects for the consideration of the jury. In such case the Court can neither nonsuit the Plaintiff nor direct a verdict for the Defendants (Van Rensselaer v. Jewett, 2 N. Y. 135).

There was evidence given, showing that the transportation of the rails, chairs, and spikes was provided for in a lease of the road to Bostwick and the Plaintiff, wherein it was agreed that the transportation of those articles was to be without charge, in consideration of the use of the road during the period of transportation.

The contract of lease was evidenced by a letter from the president of the road to Bostwick and Mallory, and an endorsement thereon by Bostwick. The Defendants' counsel offered to prove the term of the lease by parol. This was excluded on the ground that the agreement appeared to be in writing. The letter and the endorsement thereon should be read together. The letter had been put in evidence and carried with it the endorsement, which, in the absence of any explanatory proof, must be deemed to constitute a part of the paper on which it was written; especially as it related in direct terms thereto, bore the same date, and purported to be a material and substantial part of it. Read together, the papers evidenced a perfect contract, the terms of which of course could not be contradicted or varied by parol proof. The offer was, therefore, properly overruled.

The purpose of the evidence offered doubtless was, although not stated, to show that it was agreed that the ties, as well as the rails, chairs, and spikes, were to be transported without charge. If so, it was an attempt to introduce into the written contract a new condition changing its import and effect in a very material sense—hence inadmissible.

In regard to the Defendants' set-off, the learned judge held

that the evidence showed that the claim was settled, or if not settled, that it was barred by the statute of limitations.

There was evidence tending to prove, if not definitely and clearly proving, that the Defendants' claim interposed as a set-off was settled. The judge assumed, when called upon to speak on that subject, that the fact stood proved.

If dissatisfied with such assumption, the party should have requested to have that question submitted to the jury. In the absence of such request, the party will be deemed to have acquiesced in the assumption of fact stated by the Court (Barnes *v.* Perine, 12 N. Y. 18, 23 ; The People *v.* Cook, 8 N. Y. 78 ; Dows *v.* Rush, 28 Barb. 157, 180 ; Nolton *v.* Moses, 3 Barb. 31 ; Winchell *v.* Hicks, 18 N. Y. 558). If dissatisfied with the conclusion of fact stated by the judge, the party should ask to have the question submitted to the jury. Without such request, an exception to the ruling of the Court only brings up the question of law based on his assumption of fact.

As the case is here presented, it must be deemed to be an accepted fact, as stated by the judge, that the Defendants' claim for set-off had been settled ; hence it could not be allowed in this action. I will add, however, that the facts proved fully justified the conclusion expressed by the learned judge on the trial, and it is equally clear that the claim was barred by the statute of limitations.

But the views above expressed render further examination of the case unnecessary.

The judgment should be affirmed.

All concur in the above opinion.