Folger, J.
 

 If it be assumed as I think that it may be, that the defendants’ conductor had been instructed by them to demand of every passenger six cents as fare, and that he was also instructed and authorized by them to remove from the car any passenger who refused to pay that sum, then in this case the conductor was acting in the line of his duty to them, and of his authority from them, in attempting to remove the plaintiff from the car. The six cents fare had been demanded of the plaintiff; he had refused to pay it; he had been told that he would be removed unless he paid it, and he still refused. The conductor then seized him, and attempted his removal, and while thus engaged struck the blow more particularly complained of. It cannot be doubted but that the defendants are so far responsible for the act of the conductor their agent that if they had not the right to demand the six cents fare, and hence had not the right to remove any passenger from their car for not paying that sum, they would have been liable for any force used by their agent upon the person of such passenger, though confined strictly
 
 *277
 
 within a degree necessary1 to effect such removal, and used solely for that purpose and with that intent. (See
 
 Ramsden
 
 v.
 
 B. and A. R. R. Co.,
 
 104 Mass., 117.) And for the reason that he was in their business, using a physical force upon another which he had no right to exert, and which they had no right to instruct and authorize him to exert, and any force was an excess of right. Does it not follow, that where they have the right to instruct and authorize to the use of force, and their agent acting in the pursuit of his duty to them, and under authority which they have given, exceeds through zeal or impetuosity of temper, the degree of force necessary and proper to accomplish the purpose, and injury and damage ensue, that they must respond ? So we have held in
 
 Higgins
 
 v.
 
 The Watervliet T. and R. Co.
 
 (46 N. Y., 23.) But it is said that the act of the conductor in striking the plaintiff a blow in his face was willful and malicious; that it was not done by him because he mistakenly conceived it a necessary use of force to effect the removal of the plaintiff, but as a wanton act of rage and passion.
 

 This it appears to us, was a question to be decided. And conceding the law to be clear that the defendant would not have been liable for the act of the conductor if it was willful and malicious on his part, still it was a question of fact.
 

 It appears from the printed case that the motion to dismiss the complaint was made on the ground, that the principal is not liable for the tort committed by the agent or servant, except it occurs in the immediate discharge of duty by the servant, or is authorized. As the motion was granted, it must have been assumed that the testimony showed that the act of the conductor was a tort, which did not occur in the immediate discharge of his duty, and was not authorized. But the testimony is not so clear as that the court could pass upon it without committing it to the jury for their consideration. From the testimony as it appears to us in print we could not so determine. On the contrary, the act of the conductor presents itself to us as one done without malice or ill feeling toward the plaintiff, but deemed by him necessary to effect
 
 *278
 
 the purpose with which he thought himself charged in the proper performance of his duty. It should have been left to the jury upon all the testimony, and with proper instructions. There was error in holding otherwise.
 

 As the defendant has given stipulation for judgment absolute, there must be judgment final for the respondents, with costs.
 

 All concur.
 

 Judgment accordingly.