JOHN M. PECK, Respondent, *v.* THE NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY, Appellant.

A regulation by a railroad corporation setting apart, in the first instance, one car of a train for females traveling alone, or with male relatives or friends, is a proper and reasonable one; and the corporation has the right to enforce such a regulation, even to the extent of forcibly removing from the car so set apart a male who enters it having no female under his care.

For an excess of force, however, upon the part of its employes, beyond what is needful to effect the result, the corporation is liable.

Where, therefore, a railroad corporation had made such a regulation, hung out placards giving notice thereof, and placed a brakeman at the door of a car so set apart, with oral authority to direct to another car any male attempting to enter unaccompanied by a female; *held*, that it was within the scope of his employment to enforce obedience to the rule; and where, in forcibly removing plaintiff, who disobeyed the brakeman's directions and entered the car, the latter used excessive and unnecessary force, without malice toward the person removed, and with no purpose of his own, that the corporation was liable.

It is a matter for the discretion of the General Term whether or not to set aside a verdict as excessive. The exercise of this discretion is not reviewable here.

(Argued September 19, 1877; decided October 2, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department in favor of plaintiff, entered upon an order affirming an order denying a motion for a new trial and directing judgment upon a verdict. (Reported below, 8 Hun, 286.)

This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff in consequence of having been forcibly ejected from one of defendant's cars.

Plaintiff purchased a ticket for a passage on defendant's road from New York to Albany. Defendant had made a regulation that one car should be set apart for ladies and for ladies with gentlemen, and should be retained for that purpose as long as people could get seats in the other cars. A placard was put upon the car in the train which plaintiff desired to take, stating that it was so reserved, and a brakeman was stationed at the door, with oral instructions to give notice to any gentleman unaccompanied by a lady, and to direct him to another car. Plaintiff attempted to enter the car, when he was informed by the brakeman that it was reserved, and requested to take another car. Plaintiff, notwithstanding this, entered the car, from which he was forcibly ejected by the brakeman.

The court was requested by defendant's counsel, among other things, to charge that there was nothing in the instructions to the brakeman from which the jury could find that his act in removing plaintiff from the car was within the scope of his authority.

Also (fifth request), that if defendant's regulations and instructions authorized or implied only a request to take another car, then defendant was not liable.

The court refused so to charge, and said counsel duly excepted.

The court charged, among other things, as follows: " If the brakeman was placed there for the purpose of preventing persons from going into the ladies' car, even though he had no express authority to eject him, yet if, in the prosecution

of these orders, he should eject, it would be the act of the master, and for which the master would be responsible, unless it was the mere willful, malicious act of the servant toward the individual, and not done for the purpose of carrying out the instruction of the master." To which defendant's counsel duly excepted.

Exceptions were ordered to be heard at first instance, at General Term.

*Samuel Hand,* for the appellant. The act of the brakeman in removing plaintiff was not within the scope of his employment or authority, and defendant is not liable for its consequences. (*Isaacs* v. *Third Ave. R. R. Co.,* 47 N. Y., 122, 125; *Higgins* v. *Watervliet Turnpike Co.,* 46 id., 23; *Cosgrove* v. *Ogden,* 49 id., 255; 39 id., 389; *Fraser* v. *Freeman,* 43 id., 566; *Poillon* v. *S. W. R. Co.* [L. R], 2 Q.. B., 534; *Edwards* v. *L. & N. W. R. Co.* [L. R.], 5 C. P., 445; *Lyons* v. *Martin,* 18 Ad. & El., 512; 64 N. Y., 135.)

*Amasa J. Parker,* for the respondent. Defendant was liable for the act of its brakeman in removing plaintiff from its car. (*Higgins* v. *Watervliet Turnpike Co.,* 46 N. Y., 23; *Jackson* v. *Second Ave. Co.,* 47 id., 274; *Hibbard* v. *N. Y. & E. R. R. Co.,* 15 id., 467; *Isaacs* v. *Third Ave. R. R. Co.,* 47 id., 125, 126; *Cosgrove* v. *Ogden,* 49 id., 255; *Baily* v. *Man. Co.* [L. R.], 7 C. P., 415; 8 id., 148; *Rounds* v. *D. & L. R. R. Co.,* 2 Weekly Dig., 260; 64 N. Y., 129.)

FOLGER, J. It was a reasonable regulation for the defendant to make, that one car should be set apart, in the first instance, for females traveling alone, or with male relatives or friends. It tended to their comfort and security, and to the preservation of good order, which it is a duty of a carrier of passengers to be vigilant in seeking. (*Putnam* v. *Broadway & Seventh Ave. R. R. Co.,* 55 N. Y., 108, and cases cited there.) As they had the right to make the regu-

lation, so they had the right to enforce it, even to the extent of removing from that car a male person who entered it with no female under his care. In making removal of him, they could lawfully use so much force as was needful to effect the result sought for. Such removal they needs must make, and such force they needs must exert, by some agent or servant; and he would be justified in the use of the same degree of force. For an excess of force beyond that degree, he would be liable. If it was put forth within the scope of his immediate employment, and with no purpose of his own, the defendant would also be liable.

In the case in hand, the jury have found that there was an excess of force made use of by an agent or servant of the defendant, without any purpose of his own; and the question is now, whether it was in the course of his employment.

It is idle to debate whether the defendant, having made the rule, made it for nothing, and did not intend to carry it out, and to some extent preserve the car set apart for females from the intrusion, in the first instance, of males traveling alone. To insure the observance of the rule, they hung out placards giving notice of it. More effectually to insure it, they placed their servant at the door of the coach. It then became his immediate employment in their service to to keep that coach free from males going without females in their company. It is true, that the oral commission of authority to him was to direct such male persons to another car. But the object of his giving the direction, and of the placing him there to give it, was that one car should be kept clear of such persons. Thus it became his duty to the defendant to use his best efforts to that end, up to the limit of that oral commission; hence, it was his employment in the service and business of the defendant to effect the object for which he was especially detailed. That he went beyond the limit of his instructions, if the overstep was made with an honest purpose of doing the duty put upon him, without willfulness, or malice, or purpose of his own, did not take him beyond the scope of his employment for the defendant,

or out of the sphere of its business. (*Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y., 23; *Cosgrove* v. *Ogden*, 49 id., 255; *Rounds* v. *D., L. & Western R. R. Co.*, 64 id., 129.)

It is testified that if persons not entitled to enter the reserved car insisted upon going in, the defendant had nothing more to do with it; and from this it is urged, that the brakeman placed there to direct, had nothing more to do with it. But it is absurd to say, and impossible to believe, that the defendant adopted this regulation, set apart the car, posted upon it placards notifying of its action, and placed an agent further to notify of it, without a purpose to attempt, to a greater or less extent, that their regulation should be observed. They may not have meant that the non-privileged passengers should be the subject of physical compulsion. They did mean that they should be the subject of moral compulsion, and that they should be forbidden entrance to the car set apart. Thus they undertook the business of keeping it free from such intrusion. And the same witness, whose testimony has just been referred to, shows that the placards alone did not work the desired result. He said it was necessary for the living agent of the defendant also to be there, because there were persons who would go in, notwithstanding the admonition or direction of the placards. Then the brakeman was there on that business. It was his employment at that moment for the defendant, to see to it that the regulation made by it was observed by all whom it concerned. Though he was not instructed to carry it out by physical means, when he used those means he was acting, in his conception, in the purpose for which he was stationed there; he was acting in the scope of his employment, and though he may have exceeded not only his instructions, but the rights of the defendant to use force, if he did so only in excess of zeal, or impetuosity of natural temper, and without malice towards the person removed, and with no purpose of his own, he was still the agent of the defendant, and it is liable for his act. (*Jackson* v. *Second Av. R. R. Co.*, 47 N. Y., 274; *Rounds* v. *D. L. & G. W. R. W. Co.*, *supra*.)

The court submitted to the jury the question, whether the agent of the defendant was acting within the scope of his employment. It is claimed that the facts were undisputed, and that it was a question of law for the court. If this be granted, we must assume that the court would have decided it in accordance with law; and, as from the foregoing remarks, it is seen what the answer of the law is to the question, and as the jury found the same, it is not perceived how the defendant was harmed.

The court did not err in its refusal of the requests to charge.

The discussion we have indulged in shows that the instructions given to the brakeman set him upon the duty of keeping the reserved car free from the intrusion of unlicensed persons, and that his act of forcibly removing the plaintiff was in his over-zealous performance of that duty. It was right to decline to say to the jury that no inference could be made from the instructions, that the brakeman was within the scope of his employment in the doing the act of removal.

The fifth request to charge is covered by what we have already said.

If the court made errors in the use of a phrase to the jury, when speaking to them of the measure of damages, or in the admission of testimony of plaintiff's declarations, they were corrected by a change in the phrase and by striking out the testimony, and withdrawing it from the consideration of the jury some time before the close of the case.

Whether the verdict should have been set aside as excessive, was for the discretion of the General Term. It did not deny that it had power. It declined to exercise it for reasons sufficient to it. We may may not interfere.

This leads to an affirmance of the judgment.

All concur, except Allen, J., not sitting.

Judgment affirmed.