By the Court. Curtis, Ch. J.
The learned judge before whom this cause was tried at the special term, dismissed the complaint, to which the defendant excepted. The action is to recover damages for an injury to the person.
The testimony shows, that the plaintiff, a lad eight years of age, while on his way to school, jumped upon the platform of one of the cars of defendant’s outgoing train in Eleventh avenue, to ride from Tliirty-ninth street to Forty-fourth street. That he sat upon the step or platform, and that, a little above Fortieth street, hearing the door of the car open, he rose up, and a man neatly dressed with a conductor’s cap and badge on, came out, looked at him, and, without saying anything, gave him a kick, and kicked him off on to the ground. He fell with his right leg under the wheels of the car. The leg was crushed and had to be amputated.
When a train is in motion, and a man appears with a conductor’s cap and badge, and acts as such, and is so recognized, it must be presumed, that he is in the railroad company’s employment as a conductor. It must also be regarded that a conductor is one of the necessary agencies for the the conducting, control, and management of a train. The term, and the office, *3 and the duties resulting from it, are common and well known, as well as those of a brakeman and an engineer (Hughes v. New York and New Haven R. R. Co., 4 J. & S. 222). The duty of protecting the train from trespassers, and of removing them from it, seems to be incident to, and within the scope of such powers as belong to the person in charge of it. In addition to this, the rules and regulations of the defendant’s road read in evidence place the conductor in charge of the train upon the road, and make him responsible for its management. They apparently make it his duty not to allow trespassers upon the cars, and to protect the train from them. The reasonable discharge of this duty might require him under some circumstances to remove them from the train; such an act would be within the scope of his employment.
The defendant moved, at the trial, that the complaint be dismissed, upon the grounds that this act of the conductor was willful and malicious, and without the scope of his authority, and that the negligence of the plaintiff contributed to the injury. The motion was granted, and the plaintiff excepted, and among other things excepted to the refusal of his request that the question be submitted to the jury, whether the act of the conductor was malicious.
Although the lad was a trespasser, he was entitled to be protected against unnecessary injury on the part of those exercising the right of removing him, and there is no justification for doing it so recklessly or carelessly as to imperil his life and cause the loss of a limb.
A question presented is whether this request of the plaintiff, in view of all the facts and circumstances, to go to the jury as to there being any malice in the act of the conductor, should have been granted.
It appears to me that this is a case where the conductor acted without malice or ill feeling towards the *4 plaintiff. There was nothing in the conduct of this child of eight years of age to beget malice towards it on the part of the conductor. It is more consistent with the testimony presented, that the conductor acted through heedlessness, or zeal, or impetuosity or infirmity of disposition, and used more force than was necessary to accomplish what he felt was a duty resting upon him ; that is, to keep the platform of the car clear of trespassers.
Even if the defendant is exonerated from liability for the willful and malicious act of its servant, the question whether such was the character of the act still remains a fact for the determination of a jury. In the casé of Johnson v. Second Avenue R. R. Co. (47 N. Y. 274), where the conductor, in removing a person from the car for the non-payment of his fare, in doing so, struck him unnecessarily in the face, the court held that the question whether this act was willful or malicious, or arising from zeal or impetuosity of temper in the discharge of what he deemed to be his duty, was a question of fact, and that it should have been left to the jury. This ruling is cited and followed in Rounds v. Del. L. & W. R. R. Co. (64 N. Y. 129). In this latter case, which varies from the present one, there is the difference that it was a baggage-man who kicked the boy off the platform of the train, and that there were printed notices posted up, one in the baggage car, and another one near where the plaintiff was standing on the platform, to the effect that no one would be allowed to ride on the baggage car, except regalar train men, and that the conductor and baggage-man must see this order strictly enforced.
What authority was conferred on the baggage-man, and from what source it emanated, is less clear, than the authority of the conductor in the present case, to remove a trespasser from the platform; yet the court held that this question of fact, whether the violence of *5 the baggage-man was willful and malicious, was one that must be submitted to the jury. The principle that governs is thus stated in the opinion of Andrews, J.: “ There may be cases where this rule does not apply, and where the court would be justified in taking the case from the jury; but where different inferences may be drawn from the facts proved, and when, in one view, they may be consistent with the liability of the master, the case must be left to the jury.”
I incline to the view that the cases above referred to, and which are later decisions than that of Isaacs v. Third Avenue R. R. Co., 47 N. Y. 122, control the question in the case under consideration; and that, being governed by them, we must hold that the question of the existence, on the part of the conductor, of willfulness and malice in his act as a question of fact, should have been submitted to the jury. .
The judgment should be reversed, and a new trial ordered, with costs to the appellant, to abide the event of the suit.