Concurring Opinion of Sanford, J.
In the case of Hughes v. N. Y. and N. Haven R. R. Co. (36 N. Y. Super. Ct. [4 J. & S.] 222), a railroad company was exonerated from liability for the act of a brakeman in its employ, who forcibly ejected a trespasser from the platform of a freight train while in motion. The grounds of the decision are, that while the train was moving at a rate which rendered such ejection dangerous, it was unlawful for any one to eject even a trespasser therefrom, and that while it might be presumed that by his general powers the brakeman was authorized, in a proper manner, and under proper circumstances, to remove intruders, his authority would not be deemed to extend to or cover a case in which it would have been unlawful for his employers to do the act which he assumed to perform. The court followed *6 the precedent established in Isaacs v. Third Avenue R. R. Co. (47 N. Y. 122), where it was held that the defendants were not liable for the act of their servant, a conductor, who refused to stop his car at the instance of a passenger about to alight, and forcibly ejected her from the platform, while the car was in motion. In following that case, the distinction between it and that of Jackson v. Second Avenue R. R. Co. (47 N. Y. 274) was carefully pointed out. The conductor having in Jackson’s case stopped the car in order to put off the passenger who had refused payment of the fare demanded. Under the authority of Isaacs v. Third Avenue R. R. Co. the act of the brakeman was held to be a personal tort, for which he alone, and not his employers, were responsible. The same principle seems applicable to tbe case now under consideration, and it would be our duty to adopt or apply it, were it not for the controlling authority of a still more recent decision of the court of appeals, in which it is said, “ If the master, when sued for an injury resulting from the tortious act of his servant, while apparently engaged in executing his orders, claims exemption on the ground that the servant was, in fact, pursuing his own purposes, without reference to his master’s business, and was acting maliciously and willfully, it must ordinarily be left to the jury to determine the issue,” and that where different inferences may be drawn from the facts proved, and when, in one view, they may be consistent with the liability of the master, the case must be left to the jury (Rounds v. Del. Lack. & W. R. R. Co., 64 N. Y. 129).
While I should personally regard the conduct of the conductor in this case, as willful, violent and reckless, to a degree even more reprehensible than was made to appear, either in the case of Isaacs v. Third Avenue R. R. Co., or in that of Hughes v. New York & New Haven R. R. Co., and as constituting a crim *7 inal assault, altogether beyond the scope of his employment, it may be that others would draw a different inference from the evidence, and if so, a non-suit should not have been ordered. The cases of Isaacs v. Third Avenue R. R. Co., and of Hughes v. New York & New Haven R. R. Co. were called to the attention of the court, in Rounds v. Delaware, Lackawana and Western R. R. Co., but were not commented upon in the opinion there rendered. That they were not followed, is a sufficient reason for regarding as abrogated the rule they were understood to have confirmed.
In Cohen v. Dry Dock, East Broadway and Battery R. R. Co. (40 Super. Ct. [8 J. & S.] 368; affirmed in court of appeals, March 27, 1877, 4 Ho. 7 Weekly Dig. 334, but not yet reported), the action of defendant’s servant, the driver of a horse railroad car, was much less flagrant and vicious, and therefore less indicative of a willful and malicious purpose than that of the defendants’ conductor in the case at bar, and the facts clearly distinguished the case as the court held, from Isaacs v. Third Avenue R. R. Co. The facts and circumstances, as they appeared in evidence, in Rounds v. Delaware, Lackawana and Western R. R. Co., are, however, too closely analogous, both to those in Isaacs’ case and to those now under consideration, to admit of any substantial distinction; and for that reason I concur with the chief justice in directing that the judgment appealed from be reversed and a new trial ordered.