By the Court.—Horace Russell, J.
At the close of the plaintiff’s testimony,'the defendants moved for a dismissal of the complaint, on the ground that it appeared that the act complained of by the plaintiff was not within the scope, of any authority of the defendant’s servant, but was his own unauthorized, willful and malicious act. The same point, substantially, was taken in a variety of forms at various stages of the trial. The judge charged the jury on this point as follows : “If you believe the plaintiff was kicked off the car by a servant of the defendants’, and that such act of such servant was not within the scope of the employment of such servant, the defendants are not liable ; but I have charged you, in connection with this proposition, that'if you believe it was a servant of the defendants’ who did it while performing that service, and not for a wicked and willful purpose of his own, then the defendants are liable.” Exception was also taken to that portion of the charge of the judge which instructed the jury that the plaintiff might recover if the act was done by servants of the defendants other than the conductor. When this case was tried before, in April, *529 1877, the judge dismissed the complaint on the ground that it appeared that the act done to the plaintiff was a willful and malicious act of the person who did it, and was not done in pursuance of his duty under his employment. This was held error (12 J. & 8. 1). There has been some vacillation in the law relating to the point in question, but the following propositions seem to have been finally and firmly established: (1) That whether a wrongful act done by a servant of a railway company, not entirely inconsistent with the nature of his employment, was done by him in pursuance of his employment and to serve the interests of his employers, or wickedly and maliciously, out of his own personal spite, is always a question for the jury; (2) that where the jury find such act to have been done in pursuance of the servant’s employment and to serve the interests of the employer, the employer is liable. (This case at Gen. Term, supra; Rounds v. D. L. & W. R. R., 64 N. Y. 129; Isaacs v. Third Ave. R. R., 47 Id. 122; Cohen v. Dry Dock, East Broadway, &c., R. R. Co. 8 J. & S. 368; affirmed, 69 N. Y. 170; Jackson v. Second Avenue R. R., 47 N. Y. 274; Mott v. Consumers’ Ice Co., 73 Id. 543 ; Peck v. New York Central & H. R. R. Co., 70 Id. 587 ; Garetzen v. Duenckel, 50 Mo. 104; Bayley v. M. S. & L. R. R., L. R. S. C. P. 148; S. C., in Ct. below, L. R. 7 C. P. 415; Poulton v. L. & S. W. R. Co., L. R. 2 Q. B. 534; Oliver v. Northern Trans. Co., 3 Oregon, 84).
The distinction urged in reference to the conductor and other servants of the company, has no recognition in the authorities. In Bayley’s. case, above, it was a porter who did the wrongful act. In R. W. R. R. Co. v. Hack (66 Ill. 238), it was a servant employed to clean the cars. In Lovett v. Salem R. R. Co. (9 Allen, 557), it was the driver who simply ordered a boy to júmp off while the car was in motion. In Cohen’s case (supra), it was the driver of a horse-car which ran *530 against, the plaintiff’s wagon. In Rounds’ case (supra), it was a baggage-man who kicked the plaintiff from the car.
In his charge to the jury, the learned judge at the trial said: ‘ ‘ The evidence comes, so far as the plaint-tiff’s side of the case is concerned, from Mr. Vogel and from this young man, a very intelligent and I think truthful youth—I mean, so far as a desire to tell the truth is concerned, but who was eight years old at the time the thing happenéd.” To this remark the defendant excepted, whereupon the judge said, “ I did think so, but I did not say that for that reason he ought to be believed.” This exception was pressed on the argument.
All questions of fact, including the credibility of witnesses, are for the jury. The judge at a trial ought not to .express an opinion on a question of fact, or on the credibility of a witness, however difficult it is sometimes not to do so ; but an expression of opinion like this, which now and then escapes the lips of a judge, is mot good ground for an exception. And certainly not in view of the qualification which the learned judge .subsequently added, which distinctly gave the jury to •understand that the-question, whether or not the wit-mess should be believed, was for them (Vale v. Rice, 5 N. Y. 155 ; N. Y. Fireman’s Ins. Co. v. Walden, 12 Johns 513 ; Stettiner v. Granite Ins. Co. 5 Duer 594 ; Reed v. Hurd, 7 Wend. 408 ; Hager v. Hager, 38 Barb. 92 ; Althorf v. Wolfe, 2 Hilt. 344; Bruce v. Westervelt, 2 E. D. Smith, 440; Durkee v. Marshall, 7 Wend 312 ; Jackson v. Packard, 6 Id. 415). Besides, if the .defendants’ counsel was dissatisfied with this expression of opinion from the judge with the qualification subse.quently made, his duty was to ask the judge, distinctly to submit the question of credibility to the jury (Dows v. Rush, 28 Barb. 157 ; Carnes v. Platt, 6 Robt. 270; *531 Mallory v. Tioga R. R., 36 How. Pr., 202; S. C., 3 Keyes, 354).
The books kept at the police station and at the hospital, reciting the injury to the plaintiff when brought to those places, were properly excluded. Those books were kept only for the purposes of those institutions, and the entries were made, not by persons having knowledge of the facts recited, but from such information as they could get from other sources ; and there was no proof that that information came from the plaintiff so as to bind him as to an admission. Under no rule were they admissible.
The other exceptions in the case I do not regard of sufficient importance to demand discussion.
The judgment should be affirmed, with costs.
Speir, J., concurred.