(47 App. Div. 537.)

## NILSSON v. DE HAVEN.

(Supreme Court, Appellate Division, Second Department. February 6, 1900.)

1. INVENTION—CONTRACT FOR USE—CONSIDERATION.
    An invention is, before issue of patent therefor, the subject of contract for its use and manufacture.

2. APPEAL—OBJECTIONS NOT MADE BELOW.
    Plaintiff being entitled at least to nominal damages, any error in the rule of damages adopted by the court is unavailing on appeal; defendant having merely made a general motion for nonsuit, based on the ground that the contract was illegal, and a motion to dismiss on this ground, and the ground that plaintiff had not proved a cause of action.

3. PATENTS—RIGHT TO QUESTION VALIDITY.
    Defendant, who had contracted to pay for the right to use and manufacture an invention before patent is issued therefor, cannot, on being sued for the amount to be paid therefor, assert the invalidity of the patent.

4. SAME—EVIDENCE—INSTRUCTIONS.
    Defendant in an action on his contract to pay the reasonable value for the use and manufacture of an invention, having the power and the opportunity (he being called as a witness) to show the extent of the manufacture, the sales of the article, and the cost and expenses of the same, cannot complain that the evidence which entitled plaintiff to recover was in some respects meager and unsatisfactory, or that the court called attention to the fact that it was in his power to lay the whole matter fully and completely before the jury.

Appeal from trial term, Kings county.

Action by Nils Nilsson against Hugh De Haven. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Joseph A. Burr, for appellant.
Frederic A. Ward, for respondent.

HATCH, J. The theory of the complaint in this action is for the recovery of the reasonable value of the use and right to manufacture a certain box fastener, the invention of the plaintiff, under an express contract to pay therefor. From the averments of the complaint, it might be gathered that the contract authorized the use and manufacture of the article by the plaintiff, which at the time of the making of the contract was protected by letters patent. The proof given upon the trial, however, established that at the time when the agreement was made the invention was unprotected by letters patent, nor had any application been made therefor. The complaint and the recovery thereunder are to be supported, if at all, upon the agreement to make compensation for the manufacture and use of an unprotected invention. Whether the complaint be ambiguous or not, it

is clear that, if the evidence given upon the trial authorized a recovery, it may now be deemed amended to conform to the terms of the contract, for the purpose of sustaining the judgment. Harris v. Tumbridge, 83 N. Y. 92.

We come, therefore, to a consideration of the main question in the case. The contract was oral, and the evidence in establishment of the same, for all practical purposes, was undisputed. In brief, it appears that the plaintiff had invented the box fastener, and exhibited to the defendant a model of the same. The defendant was favorably impressed with it, and requested permission from the plaintiff to immediately begin the manufacture of the fasteners, and place the same upon the market. The plaintiff hesitated about making such arrangement until he had obtained a patent, when he thought it would be worth more money; but finally the parties agreed that the article should be manufactured and sold,—the plaintiff to pay a fair and reasonable price for the right of manufacture and sale, and continue so to pay for the invention and patent so long as he should make use of the same. Under this arrangement, dies were made, machines constructed, the fastener manufactured, and, in considerable quantities, placed upon the market and sold. Subsequently letters patent were issued to the plaintiff thereon. It is claimed by the defendant that this agreement created no liability. In the language of his counsel, he says:

"A mere invention, unprotected by any patent, is not a property right in the inventor, so that the privilege to use such invention affords a consideration for a promise to pay for such use."

The authorities cited in support of this claim were all cases to recover damages for the infringement of a patent or of a copyright, and, in substance, they hold that an inventor has no exclusive right of use of his invention prior to the issuance of letters patent. If the inventor takes out no patent, so as to entitle him to a monopoly of the use of the invention, no limitation of the right to use such invention by any other person or persons will be created; and, until the invention ripens into letters patent, no monopoly of use is possessed by the inventor. The exclusive use is secured by the patent. Wheaton v. Peters, 8 Pet. 591, 8 L. Ed. 1055, Gayler v. Wilder, 10 How. 477, 504, 13 L. Ed. 504, and other cases, are illustrations of this rule. It is also a well-established rule that if the inventor places his invention upon the market, for the general use of the public, without any limitation of right of use, and without any attempt to secure to himself any exclusive rights therein, such act may be regarded as a voluntary devotion of the use of the invention for the benefit of the public; and under such circumstances the agreement to pay for the right of use would lack a consideration for its support, and the voluntary devotion of it to the public use would defeat the issuance of a patent thereon. Shaw v. Cooper, 7 Pet. 292, 8 L. Ed. 689; Gill v. U. S., 160 U. S. 426, 16 Sup. Ct. 322, 40 L. Ed. 480. These cases, however, as well as all others upon the subject, recognize that the right in the invention may be preserved where the inventor insists upon such right, either by making reservation to himself of a profit for the right to make use of it, or where he objects to its use, and any facts exist from which it

may be fairly found that the inventor did not intend to devote his invention to the benefit of the public, but sought to reserve a beneficial interest therein, and had subsequently taken the steps necessary to perfect,the same by the issuance of a patent, and the persons making use of the same, against the inventor's protest, will acquire no rights therein as against him, nor will the use made of the invention by any persons or parties defeat the inchoate right of the inventor in and to his invention. While it is true that a patent becomes essential to create a monopoly and secure the exclusive use, and the same is absolutely essential in order to assert a legal right to the article, yet it by no means follows that the inventor has not a property right in his invention, which may be the subject of sale, or the basis of an agreement for its use and manufacture. That such right is, an inchoate right is recognized in McClurg v. Kingsland, 1 How. 202, 11 L. Ed. 102; and that it may be made the subject of sale or of an agreement for use is the clear import of the decisions in Dalzell v. Manufacturing Co., 149 U. S. 315, 13 Sup. Ct. 886, 37 L. Ed. 749, and Railroad Co. v. Trimble, 10 Wall. 367, 19 L. Ed. 948. A promise to pay for the use of an invention prior to the issuance of a patent therefor has been sustained, as made upon a good consideration, in the law of this state. Jones v. Reynolds, 120 N. Y. 213, 24 N. E. 279; Tabor v. Hoffman, 118 N. Y. 30, 23 N. E. 12; Palmer v. De Witt, 47 N. Y. 532. Such is the rule in Massachusetts. Burton v. Stock-Car Co., 171 Mass. 437, 50 N. E. 1029. In the latter case it is said that a license to use "may be inferred from circumstances, and an implied promise to pay reasonable compensation therefor may also be inferred." The court supports this statement by reference to Solomons v. U. S., 137 U. S. 342, 11 Sup. Ct. 88, 34 L. Ed. 667.

The distinction between an action to recover damages for the infringement of a patent, and an action to recover compensation for use, either of a patent or of an invention, is clear and plain. The first seeks to recover damages for an act in the nature of a tort; the second, to recover compensation for use under a contract. In U. S. v. Palmer, 128 U. S. 262, 9 Sup. Ct. 104, 32 L. Ed. 442, Mr. Justice Bradley clearly states the distinction in these words:

"The government used the claimant's improvements with his consent, and certainly with the expectation on his part of receiving a reasonable compensation for the license. This is not a claim for an infringement, but a claim of compensation for an authorized use; two things totally distinct in the law,— as distinct as trespass on lands is from use and occupation under a lease. * * * We think that an implied contract for compensation fairly arose under the license to use, and the actual use, little or much, that ensued thereon."

While,it is true that a patent had issued in that case, yet such fact can make no difference in principle; for, if the invention may be the subject of a contract for its use and manufacture, then the obligations that arise therefrom are not other or different, and the same rule is applicable in both cases. The distinction which does exist between the two cases rests in the fact that the manufacture and use of the invention under a contract therefor may not be made the basis of an action to recover damages for an infringement of a patent subsequently issued. Indeed, the party contracting for the right to use

the invention for compensation thereby acquires a license to use the same, which is a continuing license, even after the patent is issued; and it is doubtful whether the right thus acquired to use may be revoked by the patentee so long as compliance is made in accordance with the contract. Solomons v. U. S., supra; Gill v. U. S., 160 U. S. 426, 16 Sup. Ct. 322, 40 L. Ed. 480. It seems clear, therefore, that plaintiff's invention constituted the same a property right which was the subject of an agreement for manufacture and use, and furnished a good consideration to support a promise to make compensation therefor.

So far as the measure of damage is concerned, it is more than doubtful if any question is raised. The motion for a nonsuit was general, and was based upon the ground that the contract was illegal; and the motion to dismiss was a renewal upon this ground, and the further ground that the plaintiff had not proved a cause of action. If we are correct in our view of the law upon the main question, the plaintiff was at least entitled to recover nominal damages, and it would have been error to have dismissed the complaint. Mallory v. Railroad Co., *42 N. Y. 354; Van Rensselaer v. Jewett, 2 N. Y. 135. The exception which was taken is unavailing for the review of such question. If the defendant desired a specific ruling thereon, it was his duty to call the matter to the attention of the court; otherwise, it may not be made available upon appeal. Van Aernam v. Bleistein, 102 N. Y. 355, 7 N. E. 537; Adams v. Insurance Co., 70 N. Y. 166. If it were otherwise, however, the case would not lack authority in support of the rule of damages which was adopted. It is evident that there cannot be one rule of damages applicable to all cases of this character, and such fact is recognized in Seymour v. McCormick, 16 How. 480, 14 L. Ed. 1024. It is not at all necessary that we should analyze and review the authorities cited by the learned counsel for the appellant. The following authorities abundantly establish the rule adopted by the learned trial court: Suffolk Co. v. Hayden, 3 Wall. 315, 18 L. Ed. 76; Fruit-Packing Co. v. Cassiday, 12 C. C. A. 316, 64 Fed. 585; Walk. Pat. § 563; Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264; Dickinson v. Hart, 142 N. Y. 183, 36 N. E. 801; Brooklyn El. R. Co. v. Brooklyn, B. & W. E. R. Co., 23 App. Div. 29, 48 N. Y. Supp. 665.

No question of the invalidity of the patent was properly before the court. Hyatt v. Ingalls, 124 N. Y. 93, 26 N. E. 285; Saltus v. Belford Co., 133 N. Y. 499, 31 N. E. 518. The same rule is recognized in Marston v. Swett, 82 N. Y. 526, where it was said by Judge Finch:

"Where the patent is apparently valid and in force, the party using it, receiving the benefit of its supposed validity, is liable for royalties agreed to be paid, and cannot set up as a defense the actual invalidity of the patent. The reasons for the rule are that the party has got what he bargained for, that he cannot be allowed at the same time to affirm and disaffirm the patent, and that he cannot in this way force the patentee into a defense of his right, and compel him to try it in a collateral action."

These views are precisely applicable to the present case, for here the defendant contracted to use and manufacture. He was permitted and assisted so to do by the plaintiff, at his earnest solicitation. He

has derived the benefits which accrued from the manufacture and sale of the article, and he cannot now be heard in repudiation of his agreement. General Electric Co. v. Nassau Electric R. Co., 36 App. Div. 510, 55 N. Y. Supp. 858.

No error was committed by the court in its charge to the jury. The court fairly submitted all of the testimony which had been adduced from which the jury might be able to arrive at the value of the manufacture and use of the article, and directed them to make such allowance as the evidence or their general knowledge established were proper sums to be deducted for the expenses of manufacture and sale. It was within the power of the defendant to have made clear the extent of the manufacture, the sales of the article, and the costs and expenses of the same. He had opportunity so to do, as he was called as a witness, and he cannot be heard to complain that the evidence which entitled the plaintiff to recover was in some respects meager and unsatisfactory. It was within his power to lay the whole matter fully and completely before the jury, and it was not, therefore, error of the court to call attention to such fact. National Car Brake Shoe Co. v. Terre Haute Car & Mfg. Co. (C. C.) 19 Fed. 514. This case was fairly tried and submitted to the jury, and, upon all the testimony, we think they were authorized to award the sum at which they arrived. The judgment should therefore be affirmed.

Judgment and order affirmed, with costs. All concur, except HIRSCH-BERG, J., who takes no part.