There is sufficient evidence to sustain the court below, and the judgment and order appealed from should be affirmed, with costs. All concur.

## SAMUELS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 11, 1906.)

1. DAMAGES—PERSONAL INJURIES—INJURY TO FEELINGS—INDIGNITY.
    Plaintiff, after having paid his fare on a street car and received a transfer, was importuned by the conductor a second time for his fare, and, on plaintiff's refusing to pay and offering to show the transfer, the conductor seized plaintiff by the coat, pulled him from the center of the car to the front, punched him in the face in the presence of a car full of people, and ejected him. *Held*, that plaintiff was entitled to recover substantial damages, including injury to his feelings and for the indignity suffered, though he did not prove loss of time or wages, or physical injury.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 100; vol. 9, Carriers, § 1487.]

2. SAME—INADEQUATE DAMAGES.
    A verdict in favor of plaintiff for $5 was inadequate.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Morris Samuels against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff for alleged insufficient relief, he appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

C. S. Rosenthal, for appellant.
William E. Weaver, for respondent.

DAVIS, J. This is an appeal by plaintiff from a judgment for $5 rendered in his favor by the court without a jury, and from an order denying his motion for a new trial. The main ground of the motion for a new trial was the insufficiency of the damages awarded. The action was brought for breach of contract of carriage. The plaintiff testified that on April 26, 1906, he boarded defendant's car at the corner of Clinton and Stanton streets. The car went north on Avenue A as far as Fourteenth street, and then proceeded west through Fourteenth street. Plaintiff paid his fare and received a transfer. At Fourth avenue the conductor demanded fare from the plaintiff. The plaintiff told the conductor that he had already paid one fare, and refused to pay again. He also said that he would show his transfer. The conductor thereupon applied vile names to the plaintiff, and, as the plaintiff was trying to get his transfer from his pocket to exhibit it, the conductor got hold of the plaintiff by the coat and pulled him from the center of the car to the front, punched him, and, while the plaintiff was holding on to the front of the car, he punched him in the face. The car was full of people at the time. The plaintiff was corroborated in the main by two witnesses. The defendant offered no testimony.

We think the damages awarded in this case were altogether insufficient. If the plaintiff's story is true, he was grossly assaulted, wantonly insulted, and wrongfully ejected from the defendant's car by its

servant. The court below believed his story. It was not contradicted. On this evidence the defendant clearly committed a breach of its contract of carriage for which the plaintiff is entitled to recover substantial damage, even though he proved no loss of wages or of time, or physical injuries. He is entitled to recover compensatory damages for injury done to his feelings and for the indignity suffered. Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25; Gillespie v. Bklyn. Hgts. R. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503; Hines v. Dry Dock, 75 App. Div. 391, 78 N. Y. Supp. 170.

The judgment should be reversed and a new trial granted with costs to appellant to abide the event. All concur.