introduced to the consideration of the jury an element of negligence which the facts proven did not warrant.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(120 App. Div. 417)

TOURTELOTTE v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

NEW TRIAL—INADEQUATE DAMAGES.

The evidence warranting a finding that plaintiff was intentionally thrown from defendant's car, on which he was a passenger, by the conductor, and fairly establishing that he was confined to his bed for six weeks and to the house two weeks longer by the resulting injury, that two ribs were broken, and both legs and his back and spine injured, as a result of which he had frequent fainting spells to the time of the trial, two years later, and that one knee joint was permanently injured by laceration of the ligaments, a new trial will be granted for inadequacy of damages; the verdict being for only $200.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 151, 152.]

Appeal from Trial Term, Westchester County.

Action by Albert Tourtelotte against the Westchester Electric Railway Company. From an order denying his motion to set aside the verdict and grant a new trial, made on the minutes, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and GAYNOR, JJ.

James M. Hunt, for appellant.

Arthur M. Johnston (Bayard H. Ames, on the brief), for respondent.

HIRSCHBERG, P. J. Plaintiff was a passenger on one of the defendant's overcrowded cars on the evening of May 30, 1904, and was thrown off by the conductor, and in that manner received the injuries of which he complains. I say he was thrown off, on the assumption that that was the finding of the jury, since the learned trial court charged the jury in effect that if the conductor accidentally threw the plaintiff off, owing to the crowded condition of the platform, the fact would not of itself establish negligence on the part of the defendant. The finding of the jury is abundantly established by the evidence. The only place the plaintiff could find was on the edge of the rear platform, with his back to the steps, and the plaintiff and several witnesses testified that the conductor's act in pushing the plaintiff off the car into the street was accompanied by the expression, "Get out of the way!" I think the fact that the plaintiff was left lying in the street, the conductor refusing to stop the car, although requested to do so by the plaintiff's wife and other passengers, is some indication that the act was intentional, and not accidental.

While there is some dispute as to the extent of the plaintiff's injuries, the evidence fairly establishes the following facts: The plaintiff was at the time 46 years of age, well, and healthy. He was an

ordained Adventist preacher. He was confined to his bed for six weeks, and to the house for two weeks more. Two of his ribs were broken. Both of his legs were injured, as was also his back and spine, as a result of which from the time of the accident to the time of the trial, nearly two years, he has had frequent fainting spells. One of his legs has swollen so as to require the use of an elastic protector. The knee joint has been permanently injured functionally by laceration of the ligaments, and his physician testified that the injury to the spine was permanent. He is suffering from heart trouble, which he ascribes to the accident; but of its origin there is no sufficient proof.

The verdict is for the sum of $200. It requires no discussion to demonstrate that the verdict is inadequate. If the plaintiff is entitled to recover at all, he is entitled to recover compensation. The sum of $100 which remains after deducting the physician's bill is not compensation for the undisputed physical injuries inflicted, and for the pain, suffering, and inconvenience necessarily involved, of the extent of which the evidence furnishes adequate proof. The order cannot be upheld even on the theory that the plaintiff was not entitled to recover at all; that is to say, on the theory that the verdict was a compromise in a case where there is reasonable doubt whether the plaintiff has fully established his cause of action.

The order should be reversed.

Order reversed, verdict set aside, and new trial granted; costs to abide the event. All concur.