(84 Misc. Rep. 632)

WACHS v. NEW YORK RYS. CO.

(City Court of New York, Trial Term.   March, 1914.)

CARRIERS (§ 382*)—PASSENGERS—EJECTION—DAMAGES.

Where ejection of a passenger was wrongful, plaintiff was entitled to recover compensatory and not mere nominal damages, including compensation for loss of earnings, necessary expenditures for medical attendance, suitable compensation for physical injuries received, and injury to feelings, and a verdict for six cents was palpably insufficient.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1478, 1483–1491; Dec. Dig. § 382.*]

Action by Murray A. Wachs against the New York Railways Company.   On motion to set aside a verdict for plaintiff for nominal damages.   Granted.

Harry Stackell, of New York City, for plaintiff, in support of motion.

James L. Quackenbush, of New York City (Henry J. Smith, of New York City, of counsel), for defendant, in opposition to motion.

RANSOM, J.   The plaintiff moves that the court set aside a verdict of the jury in his favor for the sum of six cents.   I am of the opinion that in the interests of substantial justice, the motion should be granted.

The plaintiff is a young traveling salesman in the jewelry trade.   He got on a north-bound Sixth avenue car of the defendant at Twelfth street, paid his fare, and received a transfer.   About an hour before the expiration of the time limit on his transfer, he got on an east-bound Fourteenth street car, at the corner of Fourteenth street and Sixth avenue, and presented a transfer to the conductor.   The latter refused to accept the transfer tendered, and a dispute arose.   The question was finally referred to an inspector who came on the car at Ninth street and Avenue A.   The inspector likewise said that the transfer as then shown to him did not entitle the plaintiff to continue his trip.   The plaintiff was then ejected from the car by employés of the defendant.   For injuries inflicted by the defendant's employés, he brought suit.

The pivotal question of fact in the case was whether the transfer as first tendered the conductor by the plaintiff did or did not have attached to it the so-called "star" coupon.   Defendant's transfer slips on "north and south" lines are in three portions:  A middle portion, with what is known as the "star" coupon attached at one end and a "retransfer" coupon attached at the other end.   The presence of the "star" coupon on a transfer held by a passenger from a north-bound line entitles that passenger to continue his journey east or west on any "cross-town" line named on that coupon.   Plaintiff's claim was that the transfer which he presented had both coupons attached.   The defendant conceded that, if this was so, the transfer entitled the plaintiff to transportation on the car from which he was ejected.   The conductor and inspector alike swore that the transfer as tendered did not have any "star" coupon, but the same had been torn off on the perforated

line. The defendant produced in court a transfer which it claimed was the transfer tendered. The "star" coupon was not attached to the transfer produced in court.

The court instructed the jury that, if they found that the transfer tendered had the "star" coupon attached, the ejection of the plaintiff was wrongful, and the defendant should be held in damages for the consequences of any force used by its employés to put the plaintiff off the car (Jackson v. Second Avenue R. R. Co., 47 N. Y. 274, 17 Am. Rep. 448; Monnier v. N. Y. C. & H. R. R. R. Co., 175 N. Y. 281, 289, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619, opinion of Cullen, J.); but that, if the jury found that the "star" coupon was missing from the transfer as first tendered, the defendant's employés had a right to remove the plaintiff forcibly from the car, and the defendant would be liable only in the event that an excess of force or an unwarranted degree of violence was used in overcoming the plaintiff's resistance and accomplishing his removal. Upon the conflicting testimony, I would not now disturb a verdict for the defendant; but the question here presented is that of the adequacy of an award of six cents; the jury having found for the plaintiff. McDonald v. Walter, 40 N. Y. 551; Hurley v. Metropolitan St. R. Co., 87 App. Div. 67, 83 N. Y. Supp. 1082.

The verdict for the plaintiff is necessarily based upon a finding, as a fact, either: (1) That the "star" coupon was on the transfer when tendered; or (2) that the "star" coupon was missing, but an excess of force and unwarranted violence was used in putting the plaintiff off the car. In point of fact, however, there was no evidence, and substantially no claim, upon the trial, that more force was used than was reasonable and necessary in order to overcome the plaintiff's resistance and remove him to the street. If ejection at all was wrongful, the plaintiff is entitled to recover compensatory, not nominal, damages, and such damages would include compensation for loss of earnings and necessary expenditures for medical attendance, as well as suitable recompense for physical injuries received and injuries to the plaintiff's feelings. Gillespie v. Brooklyn Heights R. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503; Hamilton v. Third Avenue R. R. Co., 53 N. Y. 25. Six cents cannot be deemed compensatory damages for the indignities to which the jury found the plaintiff was wrongfully subjected; still less is the sum compensatory of a $30 expenditure for medical services, three weeks' loss of earnings, and injuries requiring such medical attendance and that period of absence from work. Samuels v. New York R. Co., 52 Misc. Rep. 137, 101 N. Y. Supp. 534; Aiello v. Aaron, 33 Misc. Rep. 580, 68 N. Y. Supp. 186; Tourtelotte v. Westchester Electric R. Co., 120 App. Div. 417, 105 N. Y. Supp. 50; De Yaulus v. New York City Ry. Co., 49 Misc. Rep. 648, 97 N. Y. Supp. 995; Lerner v. Cohen, 116 N. Y. Supp. 567; Hamilton v. Third Avenue R. R. Co., supra; Meyer v. Hart, 23 App. Div. 131, 48 N. Y. Supp. 904; Saperstone v. Rochester R. Co., 25 App. Div. 285, 49 N. Y. Supp. 486.

The defendant suggested that the verdict should be upheld on the theory that the jury may have found that the plaintiff was wrongfully

on the car, and that only a slight excess of force was used in his ejection. No foundation whatever was laid in the testimony received for any apportionment or allocation of the damages between that due to injuries resulting from force necessarily and properly used and that due to injuries occasioned by an excess of force. If the jury is to be regarded as having found that an excess of force was used, but that the sum of six cents is compensatory damages for the consequences of such excess of force, the verdict must necessarily be set aside as without evidence tending to sustain it. If excessive force and unnecessary violence were used, the plaintiff is entitled to substantial and not merely nominal damages. See cases cited supra.

The plaintiff is entitled to a compensatory verdict or to nothing. An award of six cents represents too obviously a compromise between a belief of some jurors that the plaintiff should recover nothing at all and a belief of others that he should recover a moderately compensatory sum. A verdict which finds for the plaintiff on the disputed issues of fact, yet awards him only six cents where even reimbursement for moneys necessarily paid out would require a verdict of many times as many dollars, calls on the trial court to fulfill its statutory duty of affording protection from awards that are palpably insufficient no less than from those which are excessive.

The order setting aside the verdict may provide for the restoration of the case to the day calendar for retrial at the present term.

Ordered accordingly.