(33 Misc. Rep. 611.)

BERNARD v. HUEBEL.

(Supreme Court, Special Term,. New York County. January, 1901.)

CONSTRUCTION OF MODEL—ISSUANCE OF PATENT—FRAUDULENT USE OF INFORMATION—LIABILITY.

A complaint which alleged that plaintiff employed defendant to construct a model for an invention, and that defendant fraudulently used the information acquired for himself, and asserted that he was the inventor, and during a long litigation derived large profits from the manufacture and sale of the invented article, stated facts sufficient to sustain an action of trespass for the violation of plaintiff's unpatented rights.

Action by William Bernard against Otto H. Huebel. Demurrer to the complaint overruled.

George Q. Collins, for plaintiff.
Seabury C. Mastick, for defendant.

BISCHOFF, J. The allegations disclose the defendant's fraudulent attempt to obtain the benefit of the plaintiff's invention through the use of information given him by the plaintiff touching that invention when employing him to construct a model; and it is made to appear that, with the knowledge thus obtained in confidence, and under a pledge of secrecy, the defendant asserted himself to be the inventor, delayed the issuance of a patent to the plaintiff until after the termination of a lengthy contest, and enjoyed the profits derived from making and selling the article in the meantime. Upon this demurrer the court is not concerned with the question of the particular elements of damage which might be included in a verdict, for, if there was legal injury through the invasion of a property right of the plaintiff, the complaint is sufficient, irrespective of the quantum of damages; and that some property right was invaded is, I think, clear. An inventor's interest in his invention prior to the issuance of letters patent is of value, in legal contemplation, sufficient to afford consideration for a contract to pay him the reasonable value of its use by another, although, in the absence of the agreement, the inventor would be in no position to demand compensation for the same use, unless he were the holder of a patent giving him the exclusive legal right. Nilsson v. De Haven, 47 App. Div. 537, 62 N. Y. Supp. 506. In other words, the inventor, if content with an agreement for the use of his invention, may benefit by it without obtaining the patent; but otherwise his rights against the public generally, if to be enjoyed, must be founded upon the patent. In the case at bar no agreement was made between the parties for the use of the invention, but fraud intervened, and by that fraud the plaintiff was

prevented from obtaining the patent to which he was entitled, and by which alone could he protect his right in the invention, in the absence of an agreement by the defendant to pay him for its use. To say that in such a case the inventor's property right was not invaded to the same extent as though the defendant had failed to carry out an agreement to pay the reasonable value therefor pending the issuance of the patent would be to disregard the broad rule that no party may be permitted to take advantage of his own wrong.

For the purposes of my decision, I am not concerned with the question whether certain of the allegations would suffice for an action for malicious prosecution, and, my conclusion being that a cause of action for trespass is disclosed by the violation of the plaintiff's rights in the invention as unpatented, the point that the court has no jurisdiction is without force; the exclusive jurisdiction of the federal courts over patent rights not being brought in question.

Demurrer overruled, with costs; leave to defendant to plead over within 20 days upon payment of costs.