## ˙ STRELITZER v. SCHNAIER.

. (Supreme Court, Appellate Division, First Department.   December 17, 1909.)

. 1. MALICIOUS PROSECUTION (§ 12*)—FILING AND PROSECUTING UNFOUNDED
CLAIM FOR PATENT.

A complaint for filing and prosecuting an unfounded claim for a patent
on an invention as to which plaintiff alone was entitled to a patent can-
not be sustained as an action for malicious prosecution, as no proceed-
ings were instituted against the patentee by the unsuccessful claimant.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 5;
Dec. Dig. § 12.*]

2. TORTS (§ 14*)—MAKING UNFOUNDED CLAIM FOR PATENT.

A person applying for a patent was not responsible for the damages
thereby sustained by another to whom the patent issued, though he knew'
he was not entitled when he applied.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 18; Dec. Dig. § 14.*]

Clarke and Houghton, JJ., dissenting.

Appeal from Trial Term, New York County.

Suit by Julius Strelitzer against Milton Schnaier.  From a judg-
ment for plaintiff, and from an order denying a new trial, defendant
appeals.  Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and HOUGHTON, JJ.

Milton Mayer, for appellant.

Samuel Wecholer, for respondent.

INGRAHAM, J.  The complaint alleges that the plaintiff, in April,
1901, conceived an idea for the improvement of dish-washing machines,
and hired the defendant to alter for him a model built by the plaintiff
of said machine; that the defendant did alter a model of said machine
for the plaintiff; that on the 18th day of June, 1901, the plaintiff
filed an application for a patent in the United States Patent Office; that
on June 6, 1901, the defendant also filed an application for a patent
for the same improvement; that there was subsequently an investiga-
tion by the patent authorities as to who invented the machine, which
was subsequently in May, 1903, decided in favor of the plaintiff.  The
complaint then alleges that by reason of the tortious act of the de-
fendant in claiming to be the inventor of said improvement in dish-
washing machines the plaintiff was put to large expense in defending
his title to said machine, to his damage in the sum of $5,000.  The de-
fendant denied each of the allegations of the complaint and set up a
counterclaim for work, labor, and services rendered to the plaintiff,
to which counterclaim the plaintiff replied.  Upon the opening of the
trial the defendant moved to dismiss the complaint, on the ground that
the complaint did not state facts sufficient to constitute a cause of
action, which was denied, and the defendant excepted.

It was thus the act of the defendant in claiming to be the inventor.
of this improvement, and filing a claim for a patent before the United
States authorities, upon which the cause of action is based, and unless
these acts give a cause of action none is alleged.  The fact that the

*For other cases see same topic˙& § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
119 N.Y.S.—62

defendant made an unfounded claim to an invention, by filing an application for a patent·with the Commissioner of Patents, certainly of itself would give no cause of action, and if there is·a cause of action it must depend upon the further fact alleged that the defendant acquired his knowledge of the invention by reason of his employment by the plaintiff to construct a model of the machine. But there was no position of trust or confidence between the parties. The defendant was merely employed to do a certain work, and in consequence of that employment acquired knowledge of an invention upon which he subsequently·sought to obtain an advantage in which attempt he was defeated.

The complaint cannot be sustained as an action for malicious prosecution ·for several reasons, one of which is that the defendant instituted no proceedings against the plaintiff. The United States officials commenced· a proceeding to determine whether the plaintiff or the defendant was the real inventor of this improvement; but all that the defendant had to do with that was his making a claim for the invention by an application for a patent. No authority is cited to sustain such an action, except Bernard v. Huebel, 33 Misc. Rep. 611, 68 N. Y. Supp. 878, which was a Special Term·decision overruling a demurrer to a complaint, and from the opinion that seems to have been based upon a fraud of the defendant in making the application for a patent.

In submitting this case to the jury the court seemed to base the right to a recovery upon the jury finding that the defendant applied for letters patent, knowing at the time that he was not entitled to them, or, in other words, that the jury must find that the defendant acted in bad faith, and that by reason of his misconduct the plaintiff was put to this expense. This, so far as I know, is the first time that it has ever been held that a person applying for a patent is responsible to another person for the damages the other person sustained, because the defend-· ant knew he was not entitled to a patent when he made the application. The only damages the plaintiff attempted to prove was the expense he was put to in sustaining his application before the Commissioner of Patents. For such expenses he has obtained a verdict, but I know of no principle upon which it can be sustained.

I think, therefore, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, P. J., and LAUGHLIN, J., concur. CLARKE and HOUGHTON, JJ., dissent.