AMBROSE J. MCNAMARA, Appellant, v. HERBERT S. POWELL et al., Respondents.

Argued March 8, 1937; decided April 20, 1937.

*Ambrose J. McNamara*, in person, appellant. The dismissed complaint sets forth a cause of action for an injunction to enjoin the defendants from manufacturing and selling plaintiff's improved muffler invention. (*Tabor v. Hoffman*, 118 N. Y. 30; *Eastern Extracting Co. v. Greater New York Extracting Co.*, 126 App. Div. 928; *Little v. Gallus*, 38 N. Y. Supp. 487; *Eastman Kodak Co. v. Warren*, 108 Misc. Rep. 680; *Hoeltke v. Kemp Mfg. Co.*, 56 S. C. 938; 80 Fed. Rep. [2d] 912; *Dupont Powder Co. v. Masland*, 244 U. S. 100; *Feasel v. Noxall Polish Mfg. Co.*, 268 Fed. Rep. 887; *Philadelphia Extracting Co. v. Keystone Extracting Co.*, 176 Fed. Rep. 830; *Allen-Qualley Co. v. Shellmar Products Co.*, 36 Fed. Rep. [2d] 623.) The judgment obtained in the 1928 action is not a bar to the within action. (*Kirk La Shelle Co. v. Armstrong Co.*, 263 N. Y. 85; *Mandeville v. Reynolds*, 68 N. Y. 528; *Lapiedra v. Am. Surety Co.*, 247 N. Y. 25; *Throckmorton Case*, 98 U. S. 61; *Fuhrmann v. Fanroth*, 254 N. Y. 479; *Rose v. Hawley*, 141 N. Y. 366; *Ward v. Town of Southfield*, 102 N. Y. 293; *Hunt v. Hunt*, 72 N. Y. 217; *Michigan v. Phœnix Bank*, 33 N. Y. 9; *Hall v. Hall*, 139 App. Div. 120; *Ward v. Textile Com. Co.*, 139 App. Div. 109; *Bookstaver v. Jayne*, 60 N. Y. 146; *Vandergrift v. Cowles Engineering Co.*, 161 N. Y. 435.)

*Clarence E. Williams* and *Thomas L. Wilder* for respondents. The matters set forth in the complaint have been tried between the parties and decided adversely to the plaintiff and have become and are *res adjudicata*. (*McNamara v. Powell*, 230 App. Div. 871; *Werring v. Selig*, 241 App. Div. 67; 264 N. Y. 688; 266 N. Y. 566; *Reich v. Cochran*, 151 N. Y. 122; *Bridenbaker v. Kissell*, 131 Misc. Rep. 534; *Schuylkill Fuel Corp. v. Nieberg Realty Corp.*, 250 N. Y. 304; *Barber v. Kendall*, 158 N. Y. 401.)

O'BRIEN, J.    Defendant Powell was engaged in the manufacture of mufflers for automobiles.  A confidential relationship existed between plaintiff and him.  Plaintiff conceived a new idea for mufflers and in confidence revealed his idea to Powell and, in reliance upon the confidential relationship existing between them, consented that Powell, as his agent, should make a model of the invention from drawings furnished by plaintiff and should test it on an automobile.   Shortly thereafter Powell entered upon a fraudulent scheme to procure this invention without compensation to plaintiff, and he and the corporate defendant then appropriated plaintiff's ideas and, without his knowledge, manufactured and sold mufflers of the design invented by plaintiff, and have continued to manufacture and sell them.   Each filed an application for a patent with the United States Patent Office but, after prolonged litigation, the Federal courts awarded to plaintiff the right to letters patent.   These are the allegations in the complaint in which the relief demanded is an injunction to restrain defendants from manufacturing the muffler made according to plaintiff's design, from using or selling it, and from making any claim of interest in it.   The complaint also demands an accounting for all profits made by defendants.   At the time of the trial of this action, no patent had been issued to either party.

No answer was served to this complaint, but defendants moved to dismiss it upon several grounds, among them being the allegation that a final judgment rendered on the merits in favor of the individual defendant Powell in a former action in which the same issues were involved constitutes a bar.   The complaint was dismissed upon the ground that the determination in the former action that plaintiff and defendant had entered into an agreement dated December 11, 1927, constitutes *res judicata.*

From an examination of the pleadings, findings and judgment in the former action, we have reached the conclusion that the issue therein was essentially different

from the issue herein, and that such agreement as is asserted to have been made between plaintiff and this individual defendant did not in any way tend to deprive plaintiff of any right asserted by him in the present action. That litigation consisted of an action by this plaintiff and his wife to compel this individual defendant specifically to perform an alleged contract, dated December 11, 1927, whereby plaintiff sought to prove that Powell had agreed to deliver to him a bond and mortgage, executed November 29, 1924, by plaintiff and his wife upon real estate owned by them. The complaint in that action was dismissed for the reason, as found, that there was a failure of consideration by this plaintiff for the alleged agreement of December 11, 1927. These are the instruments which, in that action, plaintiffs attempted to prove amounted to an agreement by Powell to surrender the mortgage: " Dec. 11, 1927. This agreement made and entered into the eleventh day of December, 1927, between Herbert S. Powell and Ambrose J. McNamara. It is agreed that Ambrose J. McNamara agrees to assign and give to Herbert S. Powell all patent rights or rights of patent that he may by virtue of invention or conception have in the ventura or cone type muffler to Herbert S. Powell such rights to cover the patenting the use of the cone shaped opening or the arrangement of same with the baffle plates or the hot tube insert. It is agreed that Herbert S. Powell is to give to Ambrose J. McNamara a satisfaction of the mortgage which he now holds on the property at 342 Catherine Street, Utica, N. Y., deeded in the names of Margaret D. McNamara and Ambrose J. McNamara." That instrument was signed by McNamara, but Powell refused to sign it. On the same day, however, Powell did execute the following instrument: " Utica, N. Y. Dec. 11, 1927. I, Herbert S. Powell, agree to deliver to Margaret D. McNamara and Ambrose J. McNamara the mortgage which I now hold on the property which they own at 324 Catherine, with all interest and back interest receipted paid in full." The finding in that action

is that this instrument did not express the full agreement of the parties, and there is a further finding that on December 11, 1927, McNamara and Powell orally agreed that *if* McNamara would assign to Powell all his interest in the muffler, *in that event* Powell would satisfy the mortgage. The court found in that action that McNamara had failed to convey to Powell his interest in the muffler, that there was a total failure of consideration on the part of McNamara, that he had failed to carry out his part of the agreement and, therefore, had no standing in court to compel Powell to cancel and discharge the bond and mortgage. From the findings and judgment in that action, we reach the conclusion, different from that drawn by the courts below, that McNamara had not contracted away his rights in the muffler and that the judgment is not *res judicata* against him. If that judgment can be held to have any effect upon the present litigation such effect must be favorable to plaintiff. That judgment decrees that, for the reason that plaintiff did not assign his interest in the muffler to Powell, he was in no position to enforce specific performance in respect to cancellation of the mortgage.

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion to dismiss the complaint denied, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.