AMBROSE J. McNAMARA, Plaintiff, *v.* HERBERT S. POWELL and Another, Defendants.*

Supreme Court, Oneida County, July 7, 1938.

*James E. Duross* [*Frank Keiper* of counsel], for the plaintiff.

*Hoguet, Neary & Campbell* [*Clarence E. Williams* of counsel], for the defendants.

MILLER, J. Any attempt to review the evidence in detail would make this memorandum too long, and it would be of no benefit to the parties.

*See, also, 273 N. Y. 408.

After a careful review of the evidence and a thoughtful study of the most excellent briefs submitted by both plaintiff and defendants, I am satisfied that the plaintiff has established by a fair preponderance of the evidence that for some time prior to May, 1927, a confidential relationship existed between the plaintiff and the defendant Powell; that in or about May, 1927, the plaintiff conceived the idea for a new type of muffler, and that on or about May 27, 1927, plaintiff, in confidence, revealed his idea to the defendant and defendant Powell then promised the plaintiff that if he used the invention he would compensate the plaintiff therefor, and the plaintiff and Powell agreed with each other that they would keep the invention secret and in confidence; that thereafter Powell entered upon a fraudulent scheme to procure the invention without compensation to plaintiff and appropriated plaintiff's invention, and without the knowledge or consent of the plaintiff, manufactured and sold the muffler that plaintiff had invented; that plaintiff was thereby damaged; that when the plaintiff discovered that the defendant Powell was manufacturing and selling the muffler, he protested and the defendant Powell thereupon, with the further intent to cheat and defraud the plaintiff, induced and procured the plaintiff not to take any immediate steps to protect his invention, by promising from time to time that the plaintiff would be fully compensated for his invention; that thereafter the defendant continued to manufacture said mufflers and sold a large number thereof; that these promises to compensate the plaintiff were never fulfilled by the defendant and were never intended to be fulfilled when made; that the plaintiff relied upon these promises and believed them to be true, and was thereby induced not to and did not take any immediate action to protect his invention, and thereby suffered further damage.

The fact that the plaintiff had not obtained a patent at the time did not justify the defendant Powell in appropriating plaintiff's invention. (*Nilsson* v. *DeHaven*, 47 App. Div. 537; affd., 168 N. Y. 656; *Bernard* v. *Huebel*, 33 Misc. 611; *Hoeltke* v. *Kemp Mfg. Co.*, 80 F. [2d] 912, 922). Inasmuch as I have reached the conclusion that a confidential relationship did exist, the burden of proof probably shifted to Powell to show that there was no fraud or deception. (*Cowee* v. *Cornell*, 75 N. Y. 91, 99; *Allen* v. *LaVaud*, 213 id. 322, 326.)

I reach the conclusion, therefore, that the plaintiff is entitled to an injunction restraining the defendants from continuing to manufacture and sell the muffler and for an accounting, unless the plaintiff is barred from maintaining this action by reason of the various defenses urged by the defendants:

*First,* the defense of shop rights.

*Second,* that confidential disclosures are entitled to the protection of courts in equity only to the extent that the substance thereof was not open to the public at the date of the disclosure.

*Third,* that the action is barred under the rule of election of remedies because of the action on contract brought by the plaintiff against Powell in January, 1934.

*Fourth,* that the action is barred by the Statute of Limitations.

These defenses will be discussed in the order above set forth.

*First.* I do. not think that under the evidence in this case the defense of "shop rights" has been established. There is no evidence that McNamara ever worked in the defendant's plant as a mechanic, or that he at any time had supervision over the mechanical work in the plant. He was simply a traveling salesman. McNamara at all times claimed the invention was his own and never directly or indirectly conceded that Powell had any interest therein, and never consented to Powell's use of same, except upon Powell's promise that he would pay him for such use. The evidence in *Heywood-Wakefield Co.* v. *Small* (87 F. [2d] 716) was much stronger, but even there the court held that there was no shop right, as a matter of law. (See, also, opinion of Examiner of Interference, U. S. Circuit Court of Appeals, record pp. 442, 450; opinion U. S. Patent Office Board of Appeals, same record, pp. 453, 455.) Powell has always contended, and now contends, that the invention was his own. It impresses me, therefore, that whatever Powell did in regard to the invention was for his own benefit. (*Texas Co.* v. *Gulf Refining Co.,* 13 F. [2d] 873, 877; *Small* v. *Heywood-Wakefield Co.,* 13 F. Supp. 825, 830; *Heywood-Wakefield Co.* v. *Small,* 87 F. [2d] 716, 719.) I cannot understand under the circumstances and under these decisions, how Powell can now claim a shop right. I think this defense must fail.

*Second.* In my opinion, it cannot be held that McNamara's idea was one that was open to the public at the time of the disclosure to Powell. It may be argued that McNamara's idea was a comparatively simple one — that is, it appeared simple after it was worked out. But that same argument could be said of thousands of inventions upon which patents have been obtained and thereafter protected under the patent law. Every one in his or her experience has been impressed with the simplicity of many inventions, and wondered why some one had not thought of the same idea before, but the public would never have had the benefit of these inventions except for the fact that some person with imagination and ingenuity had thought out the plan or idea. (See *Smith Corp.* v. *Petroleum Iron Works Co.,* 73 F. [2d] 531, 538;

S. C., 74 id. 934, 935.) There is no question but what McNamara disclosed the idea and Powell adopted it. Even if it were conceded that Powell made some changes before the muffler was finally made to work properly, these were mere mechanical changes that any skilled mechanic could have made after having the benefit of McNamara's idea as a basis upon which to work. (*Dubilier Condenser Corp.* v. *Radio Corp. of America*, 34 F. [2d] 450, 458; see opinion in Patent Interference proceeding, *supra;* opinion Board of Appeals, *supra;* Judge BRYANT's findings, Circuit Court of Appeals record, p. 461, findings Nos. 18 and 22.) Powell, who had long experience with patents, has always contended and now contends that the idea was new and novel and patentable.

If the invention was not new or novel, or if it was open to the public domain, why the long and presumably expensive litigation to protect an unpatentable or worthless invention? Powell cannot have much complaint if the court accepts his expert opinion in the premises. (*Larson Co.* v. *Wringley Co.*, 253 Fed. 914, 918.) I do not think the decisions in *Booth* v. *Stutz Motor Car Co.* (56 F. [2d] 962) and *Lueddecke* v. *Chevrolet Motor Co.* (70 id. 345) are contrary to this conclusion.

It may be true, as defendants contend, that they are not bound by the proceedings in the Patent Office or in the suit between Powell and McNamara in the Federal court, under the provisions of section 4915 of the United States Revised Statutes. But conceding this proposition, I am still of the opinion that under the evidence in this case it must be held that McNamara's idea was new and novel, was patentable and was not within the public domain.

*Third.* The affidavit of the defendant Powell, verified April 23, 1935, sets up the bringing of the action by the plaintiff against the defendant Powell on or about January 16, 1934, on contract, wherein judgment was demanded for $180,000, based upon an alleged contract wherein it was claimed that Powell had agreed to pay McNamara for the use of the muffler, and that thereafter McNamara obtained an order of the Supreme Court, upon his own motion, to discontinue the action. The affidavit of McNamara, verified May 2, 1935, admits that such an action was commenced and finally discontinued on his own motion, without prejudice. Both of these affidavits were contained in the record when this case was before the Court of Appeals in April, 1937. (*McNamara* v. *Powell*, 273 N. Y. 408.) It must be assumed that the Court of Appeals considered these affidavits and found contrary to the contention of the defendants.

*Fourth.* In my opinion, the paragraph numbered " eleventh " of defendants' answer is insufficient to present or raise the question of the Statute of Limitations. No specific statute is set up and no facts are alleged which bring the pleadings within the purview of any Statute of Limitations. (*Eno* v. *Diefendorf*, 102 N. Y. 720; *Budd* v. *Walker*, 29 Hun, 344; *Bacon* v. *Chapman*, 85 App. Div. 309, 310; 2 Carmody's New York Practice, p. 789, and cases cited.)

Defendants' motion for a nonsuit is denied, with an exception to defendants.

The plaintiff's objection to the testimony of the witness George B. Upton is overruled and the plaintiff's motion to strike out the testimony of said witness is denied, with an exception to plaintiff in each instance.

Plaintiff is granted an injunction and an interlocutory judgment in accordance with the findings of fact and conclusions of law, made and signed under date of July 7, 1938.