AMBROSE J. MCNAMARA, Respondent, *v.* HERBERT S. POWELL
and POWELL MUFFLER CO., INC., Successor to POWELL MUFFLER
Co., Appellants.*

Fourth Department, March 15, 1939.

* Modfg. and affg. 168 Misc. 806.

Hoguet, Neary & Campbell [Worthington Campbell and Clarence E. Williams of counsel], for the appellants.

Ambrose J. McNamara, respondent and attorney in person [Ira M. Ball, Donald J. Ball and Frank Kieper of counsel], for the respondent.

CUNNINGHAM, J.   The plaintiff was employed by the defendant Powell, who was engaged in the manufacture of automobile mufflers. The plaintiff in his complaint alleges that he thought of a new design for mufflers and in confidence explained the same to the defendant Powell.

The complaint asks for an injunction restraining the defendants from manufacturing, using or selling a muffler made as designed by plaintiff, and for damages.   The defendants moved to dismiss the complaint upon the grounds, *first*, that previous judgments had been granted which concluded the plaintiff from maintaining this action; *second*, that the Federal courts of the United States have exclusive jurisdiction of the subject-matter of the action; *third*, that the cause of action is barred by the Statute of Limitations; *fourth*, that the complaint does not state facts sufficient to constitute a cause of action; *fifth*, that the plaintiff had previously elected to sue upon an alleged contract and may not now maintain an action upon fraud.

The complaint was dismissed at Special Term upon the ground of the conclusiveness of a former judgment.   The order of dismissal was affirmed by the Appellate Division.   The Court of Appeals reversed the order and denied the motion to dismiss the complaint.   (*McNamara* v. *Powell*, 246 App. Div. 787; 273 N. Y. 408.)   The Court of Appeals in the opinion delivered by it discussed only the question of the conclusiveness of the former judgment. Still, it did deny the motion to dismiss the complaint.   Consequently, it must have decided that the complaint stated facts sufficient to constitute a cause of action and that the other objections to the maintenance of the action were not tenable.

The defendants contend that the design of plaintiff for an improved automobile muffler was not new or novel but was old and had become public property. The plaintiff claims that the decree of the United States court is conclusive against the defendants upon this question.

It appears that on November 28, 1927, the defendant Powell filed an application in the Patent Office for a patent for an improvement in mufflers used to deaden the noise; that the plaintiff filed an application for a patent on the same improvement on January 18, 1928. After the Examiner of Interferences and the Board of Appeals in the Patent Office had awarded priority of invention to McNamara, a bill in equity was filed by Powell under section 4915 of the United States Revised Statutes (35 U. S. C. A. § 63). In that suit the court had power to grant a patent (Id. § 63) and was required to pass upon the patentability of the device. (*Palmer Pneumatic Tire Co.* v. *Lozier*, 90 Fed. 732; *Hill* v. *Wooster*, 132 U. S. 693; *Allbright - Nell Co.* v. *Autosteam Process Co.*, 70 F. [2d] 959; *International Signal Co.* v. *Vreeland Apparatus Co.*, 278 Fed. 468.) It was decided that McNamara was entitled to a patent and the decree directed that a patent issue to him. (*Powell* v. *McNamara*, 5 F. Supp. 628.) This decree was affirmed by the Circuit Court of Appeals (74 F. [2d] 750). The United States court found that " the testimony shows McNamara was the true, original inventor of the improvement in muffler at issue herein within the meaning of the statutes; that the same was not known or used before his invention or discovery thereof." The decree of that court ordered, adjudged and decreed that " Ambrose J. McNamara is the true, first, original and sole inventor of the invention set forth in the claims constituting the issue." And further that " Ambrose J. McNamara is entitled to receive letters patent of the United States for his aforesaid invention, as specified in the before-recited claims of his application." Pursuant to this decree a patent was thereafter issued to McNamara.

The decisive test as to whether a judgment in one action is conclusive in a later one as between the same parties is whether the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306; *Hellstern* v. *Hellstern*, 279 id. 327.)

When sworn as a witness in this case Powell admitted that the muffler for which he made application for a patent was substantially the same as that for which a patent was granted to McNamara.

As Powell and McNamara filed applications at about the same time for a similar patent, it was apparent that one derived his idea

from the other. (*Adamson* v. *Gilliland*, 242 U. S. 350.) Therefore, in determining the right to priority it was necessary for the United States court to make the following finding: "That thereafter and in the month of June or July, 1927, * * * Ambrose J. McNamara explained to * * * Herbert S. Powell the idea he had conceived for the improvement of a muffler." Consequently, the defendant Powell is estopped from claiming that McNamara is not the original inventor of the improvement in the muffler and that his improvement is not patentable, and also from claiming that the idea for the improvement was not revealed by McNamara to Powell.

Plaintiff's idea and design for the improvement of automobile mufflers were revealed by him to defendant Powell in May, 1927, and it was arranged between them that Powell should test the same and that application should be made for a patent and that Powell should manufacture the same and should compensate McNamara for such mufflers manufactured by him. Powell cautioned McNamara not to reveal his idea to any one.

In July, 1927, Powell began the manufacture of mufflers which embodied the idea for improvement conceived by McNamara.

On November 28, 1927, Powell filed an application for a patent without the knowledge or consent of McNamara. This act vitiated the previous arrangement between the parties and was an appropriation of the rights of McNamara in the improved muffler invented by him. The muffler described in this application was substantially the same in design as that for which McNamara was thereafter granted a patent. Powell and McNamara met in December, 1927, and discussed the matter of this invention. Powell was unwilling to pay McNamara a sum acceptable to the latter, and plaintiff quit his job.

Thereafter, in proceedings in the Patent Office and before the Board of Appeals and in the United States District Court and United States Circuit Court of Appeals, Powell claimed that he was the sole and original inventor of the design of muffler invented by McNamara. The courts held that Powell was trying to secure a patent on an improved muffler which had been invented and designed by McNamara.

It thus appears that Powell acquired knowledge of McNamara's idea and design for an improved muffler in confidence and promised to pay McNamara for the mufflers he manufactured and that afterwards he wrongfully appropriated the same to his own use and to the use of the defendant Powell Manufacturing Co., and that defendants manufactured and sold mufflers embodying the idea and design conceived by McNamara and claimed that

McNamara did not have any interest in such mufflers and had not invented the same and wrongfully embroiled the plaintiff in litigation and during the pendency of such litigation continued to manufacture and sell mufflers of the design invented by McNamara and refused to account to McNamara for the profits realized therefrom.

The decree of the United States District Court was granted on the 11th day of December, 1933. Thereafter, on the 16th day of July, 1934, the defendant Powell Muffler Co., Inc., was incorporated and the defendant Powell turned over to it all the business and assets of the company owned by him, known as the Powell Muffler Co. The defendant Powell is president and general manager of such corporation and owns 480 of the 500 shares of stock thereof, 10 of the remainder being held by his wife and the other 10 by his secretary. Of course, Powell by incorporating his business did not secure the right to again litigate questions decided adversely to him by the United States court. Powell will not be permitted to use the corporate cloak as a means to avoid the finality of the former adjudication to which he was a party. (*Conviser* v. *Brownstone & Co.*, 209 App. Div. 584; *Quaid* v. *Ratkowsky*, 183 id. 428, 432; affd., 224 N. Y. 624; *United States* v. *Milwaukee Refrigerator Transit Co.*, 142 Fed. 247.)

The defendant corporation must be deemed to have been in privity with Powell and, therefore, the decision of the United States court is binding upon it also. (*Warford Corp.* v. *Bryan Screw Machine Products Co.*, 44 F. [2d] 713.)

The defendants claim that they are entitled to use McNamara's invention by virtue of a shop-right. It appears that McNamara was a salesman for the defendant corporation and was not employed in the factory; that he conceived the idea of the improvement outside of his hours of employment and did not use the defendants' tools and materials in conceiving and perfecting his invention. Therefore, the defendants are not entitled to a shop-right. ( *United States* v. *Dubilier Condenser Corp.*, 289 U. S. 178, 188.)

The defendants claim that the plaintiff has not the right to recover expenses of litigation. The defendants are liable for the damages they have caused plaintiff by their wrongdoing. They are " responsible for the natural and proximate consequences " of their misconduct. (*Ehrgott* v. *Mayor, etc., of City of N. Y.*, 96 N. Y. 264, 281, 282.)

The damages which the defendants from their position must have considered likely as the probable result of their fraud may be recovered. (*Smith* v. *Bolles*, 132 U. S. 125.)

In this case the defendants attempted to deprive the plaintiff of his invention and as a part of such scheme an application for a patent thereon was filed by the defendant Powell, and the defendants well knew that such act would probably result in litigation and it may fairly be inferred that the defendants realized that such litigation would be so expensive that the plaintiff might find it difficult to raise the money to carry it on. Under such circumstances, because of their fraud, the defendants should be held responsible for the fees and expenses of litigation incurred by the plaintiff as a result of their fraudulent acts. The cases cited by defendants do not apply to the facts in this case, in which the litigation into which plaintiff was plunged was the direct result of the acts of the defendants and was undoubtedly intended to be the result of such acts.

The plaintiff is entitled to recover the fees and expenses expended and incurred by him in defending his right to the invention and to letters patent thereon. (*Cooper* v. *Weissblatt*, 154 Misc. 522; *Nearing* v. *Hathaway*, 128 App. Div. 745: *Muller* v. *Rosenblath*, 157 id. 513.)

The defendants should account to plaintiff for the profits realized from the sale of such mufflers from November 28, 1927, the date on which defendants finally wrongfully appropriated the improved muffler invented by McNamara, to February 23, 1937, the date on which the patent was issued to McNamara, and plaintiff should recover the amount of such profits and also the amount expended or incurred by him in defending his right to a patent in the Patent Office, before the Board of Appeals and in the United States courts. The judgment should be modified in accordance herewith, and, as modified, affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM and TAYLOR, JJ.

Judgment modified on the law and facts in accordance with the opinion and as modified affirmed, with costs to the respondent. Certain findings of fact disapproved and reversed and new findings and conclusion of law made.