McNAMARA v. POWELL MUFFLER CO., Inc., et al.

No. 352.

District Court, N. D. New York.

March 8, 1941.

Ambrose J. McNamara, of Utica, N. Y., pro se.

M. William Bray, of Utica, N. Y., (Hoguet, Neary & Campbell, of New York City, and Clarence E. Williams, of Utica, N. Y., of counsel), for defendants.

BRYANT, District Judge.

The case is here on motion to strike certain portions of the answer and counterclaim. The action arises out of alleged

patent infringment. Defendants, by answer, deny infringement and validity of the patent and, by "counter-claim", seek a declaratory judgment and injunctive relief. Succinctly speaking, plaintiff moves to strike from the answer and counterclaim all allegations that put in issue the validity of his patent.

Powell and McNamara have been in litigation, over the patent and the subject matter thereof, for so long a period and in so many courts, State and Federal, that comment on portions of the history may clarify the question here controverted.

Powell was a manufacturer, among other things, of automobile mufflers. In 1934, he incorporated his business under the name, "Powell Muffler Company, Inc.," and since that time has been the principal stockholder and head of the corporation. During 1927, McNamara was in his employ as a salesman. While so employed, he made suggestions to Powell regarding a new type of muffler. A muffler embodying those suggestions was made, and after some changes, was commercially successful. Powell commenced the manufacture of mufflers, embodying the suggestions, in or about September or October of that year. Soon thereafter, unbeknown to McNamara, he filed application for patent for the new or improved type of muffler. In December of that year, McNamara made claim that he, and not Powell, was the inventor. Soon thereafter he filed application for patent on the muffler improvements. After due examination, the Commissioner of Patents allowed three claims of the Powell and McNamara applications for interference purposes. Neither party moved to dissolve the proceeding on the ground of non-patentability, public use or any other grounds. The Examiner of Interference rendered decision in favor of McNamara. The Board of Appeals in the Patent Office affirmed the decision. Powell appealed to the Court of Customs and Patent Appeals, whereupon McNamara, in accordance with R.S. § 4911, 35 U.S.C.A. § 59a, served notice that he elected to proceed under Sec. 4915, R.S., 35 U.S.C.A. § 63. Thereupon the issues were tried in this court.

Upon the 4915 R.S. Trial, plaintiff Powell asked for the determination of two questions, "originality and patentability". The prior art was introduced without objection. Powell qualified as an expert and read the prior art on the interference claims at issue. For the purposes of the trial he, either intentionally or mistakenly, extended the holding in Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502 to cover prior art. Manifestly he, through the introduction thereof, hoped to prove himself the inventor by showing that the same mechanical principle found in the interference claims runs through five muffler patents previously obtained by him. If he failed in that regard then he hoped the record would show sufficient prior disclosures to warrant dismissal for non-patentability without being in conflict with Richards v. Meissner, C.C., 163 F. 957. Upon decision of the issues, framed by Powell and acquiesced in by McNamara, this court, Powell v. McNamara, 5 F.Supp. 628, as one of its findings, found "that the testimony shows McNamara was the true, original inventor of the improvement in muffler at issue herein within the meaning of the statutes; that the same was not known or used before his invention or discovery thereof". From this court's decision an appeal was taken. Upon the appeal, Powell raised the question of patentability and prior art. I quote from his brief in the Circuit Court: "Every feature of the claims in issue were shown in Powell's prior patents on mufflers. As was pointed out in Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502, it is the duty of the Court in proceedings under R.S. § 4915 not only to decide priority as between rival claims to invention, but to ascertain whether the parties *or either of them* (italics mine) had made a patentable invention." This court's decision was affirmed. Powell v. McNamara, 2 Cir., 74 F.2d 750.

In the present infringement case defendants, by answer and counterclaim, deny validity of patent. Plaintiff's motion to strike is based upon res adjudicata and estoppel. Defendants oppose on the ground that patentability was not an issue in the interference case and, therefore, the finding on that issue was a nullity because no jurisdiction was conferred by statute upon the court to make any adjudication thereon.

The question has been exhaustively presented. Six formal and four informal briefs have been filed which contain some eighty or ninety citations. The number of cited cases necessitates general comment only. I believe it can be fairly stated that defendant relies upon Cleveland Trust Co.

v. Berry, 6 Cir., 99 F.2d 517 and analogous decisions to support his contention. This and other similar cases are not applicable to the present facts.

 I disagree with defendants' contention that the court was without jurisdiction to determine patentability in the interference suit. The trial was "in the strictest sense a judicial hearing by original bill, with all the powers of a court of equity at the service of the parties to the suit". Bernardin v. Northall et al., C.C., 77 F. 849, 852. It had jurisdiction of the parties and the subject matter. It had the power to decide the issues presented. Perhaps it would have been better practice had those issues been limited as in most cases cited. However, that was not done. Decision was rendered on the issues presented by plaintiff and he is now bound by the decision. Southern Pac. R. R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355. Patentability was put in issue by the pleadings. Had it not been the effect would be the same for "the defeated party was present at the trial and actually litigated that matter". Oliphant v. Burns, 146 N.Y. 218, 238, 40 N.E. 980, 986. Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464 does not apply. While McNamara did not counterclaim, nevertheless, his answer did contain affirmative allegations and a prayer for affirmative relief. Under liberal interpretation it may be said that these are equivalents. If so construed, then Utilities Service Inc. v. Walker, 3 Cir., 78 F.2d 18, has a direct bearing.

Plaintiff contends that, regardless of application of the doctrine of res adjudicata, there is an estoppel in pais arising out of the defendants' fraudulent conduct.

Powell has been a manufacturer of mufflers for upwards of twenty-five years. He had manufactured over one-hundred different kinds. He had as customers such concerns as Franklin Company, Pierce-Arrow, White Motor Co., International Harvester, Packard Company and Mack Truck Company. He had obtained over twenty patents, five of them on mufflers. His experience was such that he must have known whether the idea, suggested by McNamara and put into use by him, was covered by his former patents. In the interference case in this court, he said it was not. He averred and contended not only that he was "the true, first and sole inventor of the Improvement in Muffler", but also, "that the same was not known or used before his invention or discovery thereof". He then goes to the Circuit Court and says, "every feature of the claims in issue were shown in Powell's prior patents on mufflers". In a State Court case entitled Ambrose J. McNamara v. Herbert S. Powell and Powell Muffler Co., Inc., Successor to Powell Muffler Co., 168 Misc. 806, 7 N.Y.S.2d 141 affirmed in 256 App.Div. 554, 11 N.Y.S.2d 491 (begun after interference decision and the record of which is before me), he maintained that the idea was new, novel and patentable and then called experts to show invalidity through anticipation. His position, in both Federal and State Court, seems to have been, "The idea is new, novel and patentable if I am found to be the inventor, and invalid and anticipated if it is found to be McNamara's idea". He should not be allowed to blow "hot and cold" indefinitely.

Defendants meet plaintiff's claim of estoppel by saying they acted in good faith, but, if they did not, then this court is without power to do anything about it because they seek no affirmative relief. E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105–110. They are in court seeking affirmative relief. The counterclaim asks for it. The request for affirmative relief is based upon allegations of non-patentability and invalidity because of anticipation. These issues they should not be allowed again to litigate.

It is not necessary for me to consider plaintiff's contention that the decision in the State case is res adjudicata on the question of validity.

Motion to strike is granted. Motion for partial judgment and injunction is denied. An order may be presented.