## FOURTH DEPARTMENT, JUNE, 1946.
### (June 26, 1946.)

AMBROSE J. MCNAMARA, Respondent-Appellant, v. HERBERT S. POWELL et al., Appellants-Respondents.— Judgment modified on the facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Certain finding of fact disapproved and reversed and a new finding made. Memorandum: In our opinion, there is sufficient proof in the record to warrant credit to the defendants for commissions on the replacement sales, which sales amounted to $1,051,774.32. However, the record does not show what rate of commission was paid on items of sale, and so credit should be allowed only at the rate of 2½%, which is the lowest rate of commission paid on such sales. The amount so to be credited is $26,294.35, with interest thereon from April 3, 1935, to October 16, 1944 ($15,053.52). All concur, except Larkin, J., who dissents as to the proposed deduction and votes for deduction in accordance with the following memorandum: I dissent as to the extent of the proposed deduction for commissions on sales. By the prior decision of this court (256 App. Div. 554), profits have been fixed as the measure of plaintiff's right. In determining such profits the trial justice felt compelled to accept the so-called I. B. M. account, which after all was not actually "tied into" the defendants' books. Had all costs shown in that account been allowed, the plaintiff would have received nothing. Evidently appreciating the situation the trial justice has disallowed, and properly so, certain items of expense, including an item of $69,480.72 commissions paid salesmen on sales of $1,051,774. The result is a net profit for plaintiff of $126,664.36, on total sales of $1,318,036.81. It is now proposed to charge against plaintiff, alone, commissions at the minimum rate of 2½% on sales of $1,051,774. The trial justice has fixed the total amount which he has allowed to defendants for the cost of production, commercial and other expenses in connection with the manufacture of the articles sold. Unless the sales had been made, defendants could not have recovered these costs. Plaintiff profited, too, by these sales to the extent of his net profit allowed him on all sales of $126,664.36. His stake in these sales of $1,051,774 was that percentage of his total profit of $126,664.36 that the sales of $1,051,774 constitute of the total sales of $1,318,038.81. Defendants' stake in these same sales is the total cost of his expense in producing this merchandise sold for $1,051,774. This can be arrived at by the same percentage method as utilized to find that defendants' stake in the sales upon which commissions were paid. If then the total commissions of $69,180.72 be divided on that basis, the result will be more equitable than to charge plaintiff a straight 2½% on all such sales. I therefore dissent as to the proposed reduction of plaintiff's profit by allowing defendants as an expense 2½% commission on all sales amounting to $1,051,774 and I vote for an allowance of that amount, only, as will result if the method of division of the commissions paid, herein suggested, be adopted. (The judgment is for plaintiff in an action in fraud based upon violation of a trust relation.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.