**OLD CHARTER DISTILLERY CO.,**
Plaintiff,

v.

**CONTINENTAL DISTILLING CORPORATION, Defendant.**

**Civ. A. No. 1386.**

United States District Court
D. Delaware.

Jan. 6, 1956.

Aaron Finger (of Richards, Layton & Finger), Wilmington, Del., Charles Pickett and Janet C. Brown (of Chadbourne, Parke, Whiteside, Wolff & Brophy), New York City, for plaintiff.

James R. Morford and Ernest S. Wilson (of Morford & Bennethum), Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action brought under the Lanham Act[1] by the distillers of "Old Charter" bourbon whiskey against the distillers of "Charter Oak" bourbon whiskey. The action seeks (1) an injunction against the use of the trademark "Charter Oak" because it infringes the trademark "Old Charter" owned by the plaintiff; (2) damages because of the infringement; (3) cancellation of the "Charter Oak" registration, and (4) other proper relief.

The parties to the present action have been involved in protracted litigation concerning the two trademarks, both in the Patent Office, and, of particular note in the present controversy, in the United States District Court for the District of Columbia and in the Court of Appeals, District of Columbia Circuit.[2] Because the plaintiff herein relies on the District of Columbia proceedings as determinative of certain issues germane to the disposition of the present action and this contention is controverted by the defendant, this Court ordered a separate trial to determine what issues, if any, were res judicata by reason of the District of Columbia proceedings.[3]

The facts, so far as material, are as follows: The defendant, Continental Distilling Corporation, registered the trademark "Charter Oak" on March 13, 1934. The plaintiff registered its trademark "Old Charter" in 1935. The plaintiff, claiming prior use of the trademark "Old Charter", instituted proceedings to cancel defendant's "Charter Oak" registration but dismissed the action without prejudice. Defendant then instituted cancellation proceedings No. 3663 in the Patent Office against the plaintiff's trademark "Old Charter". This proceeding was sustained by the Acting Examiner of Interferences and approved by the First Assistant Commissioner of Patents and the plaintiff's trademark "Old Charter" was ordered cancelled.

The present plaintiff then brought a suit in Equity pursuant to old R.S. § 4915[4] in the District Court for the District of Columbia, praying that the registration of the trademark "Old Charter" be not cancelled.[5]

The District Court decided for the plaintiff that the registration of "Old Charter" be not cancelled[6] and the Court of Appeals, District of Columbia Circuit, affirmed.[7]

1. 15 U.S.C.A. §§ 1051–1127.

2. Old Charter Distillery Co. v. Ooms, 73 F.Supp. 539 and Continental Distilling Corp. v. Old Charter Distillery Co., 88 U.S.App.D.C. 73, 188 F.2d 614.

3. While res judicata in its narrowest sense is not here involved because, while the parties are the same, the causes of action are different, yet the term res judicata is here used as descriptive of the several variations of the principle. See note in 88 A.L.R. 574; 56 Harvard Law Review 1.

4. Now 35 U.S.C. §§ 145, 146.

5. A similar suit was instituted in Delaware between the same parties but was subsequently stayed and then dismissed by the plaintiff.

6. Old Charter Distillery Co. v. Ooms, D.C., 73 F.Supp. 539.

7. Continental Distilling Corp. v. Old Charter Distillery Co., 88 U.S.App.D.C. 73, 188 F.2d 614.

The defendant in the present suit denies that the prior decision can be res judicata of anything in issue in this case and for these reasons:

1. Because an action under R.S. § 4915 is in the nature of an administrative proceeding in which there is rendered no such final judicial judgment as is requisite for the application of res judicata.

2. Because the Court in the District of Columbia proceedings had no proper jurisdiction of the parties.

3. Because nothing actually decided in the prior action is germane to the present controversy.

The questions will be considered in order.

## I.

Basically, the contention of the defendant that the decision of the District Court for the District of Columbia in Old Charter Distillery Co. v. Ooms, 73 F.Supp. 539, in a § 4915 proceeding is not a final judicial judgment is founded on the language of the statute; to wit, that the decision of the Court in the § 4915 proceeding "shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law."[8] The defendant contends that the Commissioner is merely "authorized" to take the stipulated action, but that he need not regard the § 4915 proceeding as controlling. And thus, it is contended, there is no such final judgment as will constitute res judicata. Defendant cites Hoover Co. v. Coe, 325 U. S. 79, 65 S.Ct. 955, 89 L.Ed. 1488, as his strongest support for this proposition, and, as such, the case must be critically examined.

The cited case dealt with an entirely different issue and mentioned the binding effect of a § 4915 proceeding only while discussing the history of the review established by Congress for the Patent Office's decisions. That history seems rather to support the view that a § 4915 decision is a final judicial judgment.

In the Hoover Co. case, supra, the District Court, in a § 4915 proceeding, affirmed, on the merits, the Patent Office's finding that the asserted claims did not read on the disclosure of the prospective patentee, and dismissed the action. The Circuit Court affirmed the dismissal, without considering the merits, on the ground that no appeal under § 4915 was proper when the sole issue was whether the claims read on the disclosure, because in no such case could the claim under the § 4915 proceeding be determinative of the issuance of a patent.

The Supreme Court reversed, and considered at length the legislative history of the alternative remedies provided for an applicant dissatisfied in Patent Office proceedings. The Supreme Court held that the history of legislation on the subject plainly indicated the Congressional intent that a § 4915 proceeding be a true alternative remedy to a proceeding before the Court of Customs and Patent Appeals, regardless of whether all possible questions as to the right of the applicant would be therein resolved. The Supreme Court in the Hoover Co. case, supra, expressly recognized that a § 4915 decision was not a final judgment as to the actual issuance of the patent, but that holding lends no logical support to defendant's assertion that there is no finality to the judgment on matters properly before the Court. It also seems clear from reading the Hoover opinion, supra, that regular judicial proceeding by bill in equity was contemplated by Congress as an alternative to an administrative remedy and not merely another of two administrative remedies.[9]

8. These provisions concerning patents are applicable to trademarks. See Baldwin Co. v. Robertson, 265 U.S. 168, 177, 44 S.Ct. 508, 68 L.Ed. 962. See also 15 U.S.C.A. § 1071.

9. The defendant also relies on the Radke litigation, American Tri-Ergon Corp. v. Robertson, 11 U.S.P.Q. 168; American Tri-Ergon Corp. v. Coe, D.C., 30 F.Supp. 83; Radtke Patents Corp. v. Coe, 74

■ The defendant's contention that a § 4915 proceeding has no binding effect on the Commissioner of Patents does not seem to be supported by the authorities. In Gandy v. Marble, 122 U.S. 432, 7 S.Ct. 1290, 1293, 30 L.Ed. 1223, it is said:

"The decision of the court on a bill in equity [under § 4915] becomes, equally with the judgment of the supreme court of the District of Columbia on a direct appeal under section 4911, the decision of the patent-office, and is to govern the action of the commissioner." [10]

A decision in a § 4915 proceeding is recognized by the Commissioner of Patents as binding upon the Patent Office.[11]

That a final decision in an equitable action under § 4915 is a final judicial judgment may also be shown by the fact that such judgment is reviewable by the Supreme Court as in Hoover Co. v. Coe, supra, while the alternative administrative remedy is not so appealable.

■ I am, therefore, of the opinion that the principles of res judicata or the cognate principles of collateral estoppel are applicable to a proceeding known as a Section 4915 proceeding.

## II.

■ Defendant's second contention is that the District Court for the District of Columbia could not have rendered, in any event, a binding judgment because it had no jurisdiction of Continental Distilling Corporation. This same lack of jurisdiction was urged before the District of Columbia District Court on motion before trial, again at

trial, and subsequently on appeal of the case, and upon each consideration the Court's jurisdiction was upheld. This prior determination of the jurisdictional argument precludes its further consideration in this Court. The jurisdiction of the District of Columbia Court is res judicata here and may not be collaterally attacked.

■ In Stoll v. Gottlieb, 305 U.S. 165, 172, 59 S.Ct. 134, 137, 83 L.Ed. 104, it is said:

"After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of res judicata is made has not the power to inquire again into that jurisdictional fact." See also Restatement "Judgments", Sec. 9, and William Whitman Co. v. Universal Oil Products Co., D.C., 92 F.Supp. 885, 889.

I am of the opinion that neither of the foregoing grounds suggested by the defendant prevents the application of res judicata, and it will, therefore, be necessary to ascertain to what issues those principles here apply.

## III.

The final consideration is what issues in the present case are res judicata by reason of the former decisions.

■ In Southern Pacific R. Co. v. United States,[12] it is said:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between

App.D.C. 251, 122 F.2d 937. These cases have been examined but add no material elements and their length precludes more extensive citation.

10. See also Application of Prutton, 204 F.2d 291, 40 C.C.P.A., Patents, 975; Cleveland Trust Co. v. Nelson, D.C., 51 F.2d 276. To the same effect, McNamara v. Powell Muffler Co., Inc., D.C., 38 F. Supp. 180. Though the precise holding that a § 4915 judgment was res judicata on the validity of the patent was ques-

tioned in Zalkind v. Scheinman, D.C., 80 F.Supp. 299, there was no doubt voiced as to the res judicata effect of a § 4915 decision on questions actually necessary to the decision.

11. Nion Corp. v. Burroughs-Wellcome and Co., 68 U.S.P.Q. 113.

12. 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L. Ed. 355; see also, State of Oklahoma v. State of Texas, 256 U.S. 70, 85, 41 S. Ct. 420, 65 L.Ed. 831; Restatement "Judgments", Sec. 68.

the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. * * *"

■ In this case, it will be noted, that the parties are the same as in the prior litigation. The causes of action, I apprehend, are not the same in the two proceedings so that it is not every matter that could have been properly litigated in the former proceeding that is res judicata here but only those matters which were actually litigated and decided.[13] With these views in mind we must examine the District of Columbia litigation.

■ ■ As above noted, Continental's trademark "Charter Oak" was registered before the present plaintiff's "Old Charter". In compliance with the statutory provisions then in force, Continental instituted cancellation proceedings seeking the cancellation of the registration of "Old Charter". The present plaintiff, though the junior registrant, resisted the cancellation on the ground that its trademark was prior in use to "Charter Oak", relying, inter alia, on the assignments in 1933–37 to it of the "Old Charter" trademark, which it alleged had been in continuous use by its predecessors and itself since 1874, excepting the prohibition era.[14] The issue of priority

was thus joined; it was in effect, the only issue litigated in each separate proceeding, and it formed the basis for decision in each tribunal that heard the case. The Patent Office, in the cancellation proceedings, held that plaintiff herein (defendant there) did not take a valid assignment of the "Old Charter" trademark and thus there was no continuous chain of title.[15] "Old Charter", therefore, was held to be entitled only to its registration date, later than that of "Charter Oak", and, consequently, was adjudged to be cancelled. Old Charter Distillery Co. thereupon, as a dissatisfied party, instituted the § 4915 suit in the District Court for the District of Columbia.

"Old Charter's" complaint in the District of Columbia § 4915 proceeding alleged its priority thus:

"For more than forty years prior to the first claimed use of 'Charter Oak' by said Continental Distilling Corporation, the plaintiff and its predecessors in title to the aforesaid trade mark 'Old Charter' for whiskey and in and to the business and goodwill of said trade mark, used said trade mark 'Old Charter' in and throughout the United States of America, where the sale of whiskey was legal."

Defendant specifically denied these allegations.

The attorney for Continental, in his opening statement, indicating to the District Judge, the nature of the contentions regarding the trademark said:

" * * * I am willing to concede this much, that if plaintiff can show that prior to the adoption and use of our mark, that is, prior to our

---

13. Cromwell v. County of Sac., 94 U.S. 351, 24 L.Ed. 195; Restatement "Judgments", Sec. 68.

14. Actual use of a trademark is the criterion on which ownership of that mark is based; the first to use a trademark is the owner, in the absence of qualifying factors. "The exclusive right to the use of the mark or device claimed as a trademark is founded on priority of appropri-

ation; that is to say, the claimant of the trade-mark must have been the first to use or employ the same on like articles of production." Columbia Mill Co. v. Alcorn, 150 U.S. 460, 463–464, 14 S.Ct. 151, 152, 37 L.Ed. 1144.

15. The District of Columbia opinion sets out the reasoning of the Patent Office in detail—73 F.Supp. 539

application date, which was November 22, 1933, if prior to November 22, 1933, and through predecessor of plaintiff, to which it truly succeeded, it had made a trade-mark use and that trade-mark use was continuous and they truly inherited it by proper, good transferences, et cetera, they prevail."

In deciding that "Old Charter" should not be cancelled, the District Judge characterized the suit as a "controversy * * * as to which of the two parties has the prior right to a whiskey trade-mark embracing the word 'Charter'", 73 F.Supp. 539, 541.

The Judge reached the following conclusion of law:

"The grant of Registration No. 311,038 on March 13, 1934 for 'Charter Oak' does not invalidate Registration No. 321,823 granted on February 19, 1935 for 'Old Charter', because plaintiff has a priority date of 1874 in the use of 'Old Charter', as the result of use of 'Old Charter' by plaintiff and its predecessors in title and business beginning in 1874."

From a consideration of the pleadings, the evidence submitted, and the decisions by the District Judge and by the Appellate Court, it seems clear that the question "Should 'Old Charter' be cancelled?" directly and entirely depended on whether the trademark was in use by the plaintiff and its predecessors prior to the use of the trademark "Charter Oak" by the defendant. The Court had no reason to consider or decide the validity of the 1933–37 assignments by which the plaintiff claimed title except as such matters were related to the question of priority of use and, indeed, the priority of continuous use could not be determined without consideration of the assignments to the plaintiff.

Defendant insists the only issue raised and litigated was plaintiff's right, under the assignments of 1933–37, to claim that the prior use of "Old Charter" was by its predecessors in title to the trademark.[16]

The defendant now contends that it is entitled to show the chain of title of "Charter Oak", to which it contends it has lawfully succeeded, and which chain of title the defendant now claims would show its priority over "Old Charter".

In the § 4915 proceedings in the District Court, the present plaintiff "Old Charter" attempted to show the invalidity of the registration of its adversary "Charter Oak". This offer was upon the basis that even if the plaintiff "Old Charter" failed to show the complete and continuous chain of title and use in itself, yet still the use of the trademark "Old Charter" was in the hands of someone and the subsequent adoption of the trademark "Charter Oak" when there was in use a trademark "Old Charter", regardless of who owned it, was invalid.

The Court held that validity of the registration by Continental of the trademark "Charter Oak" on the questions of lack of adequate use or abandonment and apart from the question of priority was not an issue in the case. This is shown by the remarks of Court and counsel. The Court said: "Isn't that [question of lack of use or abandonment] involved in the question as to whether the plaintiff's use was older than your [Continental's] use? Getting down to a nut shell, isn't that the question?" Counsel for Continental replied,

16. There is some suggestion that defendant thinks all issues relating to prior use of the trademark could be relitigated, intimating the existence of a substantial difference in the priority of use controlling in a cancellation proceeding, and the concept of priority which will entitle a registrant to recover for infringement. There is no contention that priority of use is not a proper subject for determination in a cancellation proceeding, nor is it disputed that this specific issue as to plaintiff's right to link his use of the trademark to a prior chain of title was controverted and litigated. No authority is cited to indicate why this particular issue would be any different, or why it would receive a substantially varied consideration in an infringement suit, even though the parties be reversed.

"That is the question * * *." There was no denial of the proof of "Charter Oak's" chain of title on the issue of priority for "Charter Oak" at the time claimed only from its application date.

There were, at least, two ways for Continental to litigate the priority of the disputed trademarks. It could have proved the regularity of title and priority of its own mark, or it could attack the regularity and legality of the title of its adversary to the trademark "Old Charter". It chose the latter. There is no suggestion that in the Appellate Court the present defendant complained of any action of the District Court except with reference to the claims concerning the regularity of the plaintiff's trademark "Old Charter".

This is not, however, the present raising of an unlitigated issue. There is a clear distinction between the raising of an unlitigated issue and the submission of new evidence on the same issue. The litigation of either "Old Charter" or "Charter Oak" chain of title was relevant only to a decision as to which one was in prior use.

■■■ The Patent Office had held that the assignments for "Old Charter" were improper and that it could claim use only from its later date of registration and ordered the registration cancelled. The decisions of the District Court and Court of Appeals that the assignments were valid and that the plaintiff had the

right to claim the prior use of "Old Charter" through its predecessors in title could not make the cancellation improper except that it proved that "Old Charter" mark was, according to the evidence, used prior to "Charter Oak". That was the question in all phases of the previous litigation and any reconsideration by this Court of this same question because one party did not present its alternative case or complete theory would be in conflict with the principle of res judicata. It has been said that "The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination? and not, upon what evidence or by what means was it reached?" [17]

Similarly, defendant's argument that the registration of "Old Charter" in 1935 was fraudulent because of non-use or abandonment by the applicant for registration [18] was also raised in the prior action, and the evidence on the point was introduced. The exact disposition of this argument by the District Judge is not entirely clear; [19] the Court of Appeals, however, expressly rejected it. [20]

■■■ I am of the opinion that the ultimate decision in the District of Columbia suit was that the trademark "Old Charter" was in use prior to the use of "Charter Oak" and that such fact is res judicata in this proceeding.

17. Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 691, 15 S.Ct. 733, 736, 39 L.Ed. 859; Pelham Mall Co. v. Carney, D.C., 27 F.Supp. 388, 391; Oglesby v. Attrill, C.C., 20 F. 570.

18. An applicant for registration of a trademark must aver inter alia that the trademark is used in commerce at the time of application. Defendant asserted that Bernheim Distilling Co. was not making use of the trademark in 1934.

19. The trial judge indicated in a colloquy with counsel that he did not consider the question of abandonment of or non-use properly in issue, but there is some indication that Finding of Fact No. 44 did dispose of this point.

"44. Said Bernheim Distilling Company mentioned in Finding No. 4 and the plaintiff herein, have not abandoned 'Old Charter' as a trademark for whiskey."

20. Continental Distilling Corp. v. Old Charter Distillery Co., 88 U.S.App.D.C. 73, 188 F.2d 614, 620. "In addition to its argument of abandonment, the appellant urges that the trade-mark Old Charter should be cancelled on the ground that Bernheim Distilling Company obtained registration No. 321823 by fraudulently representing to the Commissioner that it had used the mark. This seems to us to be a strained construction of the Trade-Mark Act. * * * We now hold use by applicant's predecessor met the requirement of the statute. * * *."